State *v.* Soragan.

## STATE OF VERMONT *v.* JOHN SORAGAN.

*Criminal Law. Complaint. Pleading. City Ordinance. Recorder's Court.*

Where a complaint was directed as follows: To David Read, Esq., recorder of the city of Burlington, within and for the county of Chittenden," it was *held* that the words "Recorder of the city of Burlington," being a correct description of the officer, the words following may be treated as surplusage, the city recorder not being a county officer; and the complaint was held good in this respect on demurrer.

But the complaint purporting to be presented by "Leverett B. Englesby, city attorney, within and for said county," was *held* defective, there being no such county officer known to the law. If it had been city attorney, within and for the city of Burlington, the subsequent part of the description might be rejected, as in case of the description of the recorder.

A general allegation of disobedience of an order of the health officer of the city by the respondent, is too loose for criminal proceedings. The act of neglect, as well as the order, should be set out, and that the neglect continued for the time specified in the order. But the averment that the order was "*substantially* as follows," &c., *held* sufficient.

The complaint concluded as follows: "Contrary to the form, force and effect of the ordinance of said city of Burlington." *Held,* that it should have concluded, against the statute, and the peace and dignity of the state.

The court cannot take judicial notice of city ordinances; they are facts, like votes of towns, and other municipal corporations, to be pleaded.

The allegation that the "respondent did disobey a lawful order of the health officer of said city, after the same had been duly served upon him," *held* defective. There should have been an averment of the fact of service. Complaint also held defective, in that it contains no allegation that the city has imposed any penalty for the neglect complained of, or that it has passed any ordinance on the subject.

The proceeding is, in character and form, a criminal prosecution, and should be entitled in the name of the state, instead of the city of Burlington as it was by the clerk.

THIS was a complaint against the respondent for a violation of one of the city ordinances. The respondent filed a motion to dismiss or quash. The court overruled the motion,—to which the defendant excepted.

The defendant then demurred generally to the complaint, the court overruled the demurrer, and adjudged the complaint sufficient,—to which the defendant excepted.

These exceptions were taken to the decision of the recorder's court, within and for the city of Burlington, where the case was tried, July 16th, 1867.

The complaint was as follows:

STATE OF VERMONT, } To David Read, Esq., recorder of CHITTENDEN COUNTY, *ss.* } the city of Burlington, within and for the county of Chittenden, comes Leverett B. Englesby, city attorney, within and for said county, in his proper person, and on his oath of office, complains that John Soragan, of Burlington, on the 13th day of July, 1867, at Burlington, in the county of Chittenden, did disobey a lawful order of the health officer, of said city, after the same had been duly served upon him, which order was substantially as follows, to wit:

The complaint then sets out an order purporting to be signed by the health officer, and directing said Soragan, among other things, to remove certain filth and rubbish, to erect a privy of a certain specified size and form, &c., within ten days from the service of the order.

The complaint then concludes, " contrary to the form, force and effect of the ordinances of said city of Burlington."

*Jeremiah French*, for the respondent.

*Leverett B. Englesby*, City Attorney, for the State.

The opinion of the court was delivered by

PECK, J. The question is as to the sufficiency of the complaint. The city charter provides for the election of a recorder, and further, that the recorder shall be judge and *ex officio* clerk of the police court, which shall be a court of record, &c.

The complaint is directed, " To David Read, Esq., Recorder of the city of Burlington within and for the county of Chittenden." It is objected that there is no such officer as recorder for the county of Chittenden, that these words are descriptive of the office and a misdescription; and that this vitiates the complaint. But the words, " recorder of the city of Burlington," constitute a perfect and sufficiently accurate description; and if the words, " *within and for the county of Chittenden*," can be rejected as nugatory, and treated as surplusage, it obviates this objection. We think as there is a pre-

vious perfect description of the office, inasmuch as there is no such officer as recorder *of the county*, the words which purport to give the officer named the territorial jurisdiction of the county may be rejected as the false description, leaving the true description to have its legitimate effect.

The complaint purports to be presented by " Leverett B. Englesby, city attorney, within and for the said county." It is objected that there is no such officer known to the law as city attorney for the county of Chittenden, and that the complaint is defective for this cause. If the person presenting the complaint were first described as city attorney within and for the city of Burlington, the subsequent part of the description might be rejected, as in case of the description of the recorder. But there are no such words of description. " *City attorney* " is too indefinite to show the necessary authority. It applies as well to another city in the state as to the city of Burlington. It is true the caption of an indictment for many purposes is no part of the indictment, and may in many cases be amended. But the question whether it is amendable is not before us. On demurrer we must take the complaint as it is, and cannot look beyond it. It is indispensable that the complaint should show on its face that it is presented by one having the proper authority. The authority of the informing officer is fundamental in such proceedings, as the complaint is the basis of the conviction. A number of years since a prosecution was had in the city court of Vergennes, on a complaint of the city attorney of that city, trial by jury, conviction and sentence for fines for offences under the old law, relating to the sale of intoxicating liquor, and fines imposed to a large amount. At that time the city, by its charter, had power to appoint a city attorney which it had done. But there was no provision at that time giving the city attorney authority to act as an informing officer in criminal cases. The supreme court on *certiorari* quashed the conviction for want of authority in the city attorney to file the complaint; holding that that was an infirmity which was fatal even after conviction and sentence. If such want of authority in the informing officer is thus fatal after trial and sentence, it would seem to be important that the authority should explicitly appear upon the record,

State *v.* Soragan.

We think it does not sufficiently appear on the face of this complaint, since city attorney for the city of Burlington is a municipal officer, of whose appointment the court cannot take judicial notice unless so described.

The next question is whether sufficient facts are set forth to constitute the offence. The complaint is, that John Soragan, of Burlington, on the 13th day of July, 1867, at Burlington, in the county of Chittenden, *did disobey* a lawful order of the health officer of said city after the same had been duly served upon him, which order was *substantially* as follows : The complaint then sets out an order purporting to be signed by the health officer, and directing said Soragan, among other things, to remove certain filth and rubbish, to erect a privy of a certain specified size and form, &c., within ten days from the service of the order. The complaint then concludes, " contrary to the form, force and effect of the ordinance of said city of Burlington." The objection made by counsel that the general allegation that the respondent *disobeyed* the order is an insufficient averment to charge him, is well taken. The complaint should either have alleged specifically the acts which the defendant neglected to do, and that he so neglected for ten days after the service of the order, or at least have alleged in some way, either generally or specifically, that the defendant did not comply with the order, and that he neglected so to do for the ten days specified in the order. A general allegation of disobedience is too loose for criminal proceedings. It was as necessary to set forth the act or neglect as to set forth the order ; both are necessary in order to enable the court to see whether there has been a breach of the order.

Another objection made to this complaint is, that the averment of the making of the order by the health officer is insufficient, because it is alleged that the order is *substantially* as follows, &c. Objection is made to the word *substantially*. It is claimed that the order should have been set forth literally, or according to its legal effect. But under this allegation the pleader would be held to as strict proof as if it had been set forth in the usual form according to its legal effect. This is all the respondent can ask.

It is insisted that the health officer had no authority to make such

an order; that is, to the extent and with the particularity to which this goes.  This question we do not decide.

We are also inclined to think the complaint should have concluded, against the statute, or with some sufficient allusion to the statute; as that is the foundation of the right to enforce the penalty sought to be recovered, and also against the peace and dignity of the state.  It is not an action for the penalty, it is a public criminal prosecution.

It is insisted that the manner in which the order was served should have been specified.  In support of this objection we are referred to a city ordinance entitled, an ordinance to ensure the enforcement of the orders of the health officer, requiring orders made by the health officer to be served by a constable or public officer; and imposing a penalty not exceeding $50. and the expense of fulfilling such order; both to be recovered in one prosecution.  But on demurrer to this complaint the court cannot take judicial notice of city ordinances.  They are not public laws of which the court can take judicial notice.  They are facts and must be pleaded as such.  In this respect they stand on the same ground as votes of towns, villages and other municipal corporations.  We have had statutes authorizing towns by vote to forbid the suffering of animals to run at large in the highway, and inflicting a penalty if the town has so voted.  It would in such case clearly be necessary, in an action or prosecution for such penalty, to allege the vote as a fact to be proved.  The same principle applies to these city ordinances.  Therefore we cannot notice that ordinance for this purpose.  But this allegation is defective for want of a direct allegation of the fact of service of the order.  The allegation that the respondent "did disobey a lawful order of the health officer of said city after *the same had been duly served upon him*," is not an averment that the order was served.  It is an *assumption* and not an *averment* of the fact of service.

But this consideration as to the nature of city ordinances presents another fatal objection to this complaint.  Here is a complaint to recover a penalty imposed by an ordinance of the city for a breach of an order of its health officer, and concludes, contrary to the form, force and effect of the ordinance of said city of Burlington; and no

State *v*. Soragan.

allegation that the city has imposed any penalty for the neglect complained of, or that it has passed any ordinance on the subject. Suppose we overrule all the other objections, we can assume nothing as true except what is alleged. All that is pretended to be alleged may be true and yet no offence committed, and no penalty incurred; as the court can take no judicial notice of any city ordinance on the subject. It is true the city charter of which we can take notice, gives to the health officer on this subject, the same powers that are by law vested in selectmen of towns; but we cannot fall back upon the general law, when the pleader has tied himself up to a supposed city ordinance.

The clerk has entitled the case in the name of the city of Burlington, and a question has been made whether it should not be entitled in the name of the State. This question is not material to the decision of the case; but the proceeding is in character and form a criminal prosecution, and should be entitled in the name of the State. We have adopted the common law so far as applicable to our situation and circumstances. In England all criminal prosecutions are in the name of the- Sovereign, the King or Queen, as the case may be. In this country we follow the same principle, changing the name only so far as our circumstances vary. Prosecutions of this character vary some in the term used in different States. In Massachusetts, they are in the name of the Commonwealth; in New York, in the name of the people of the State. Our constitution provides that, " all prosecutions shall commence, By the Authority of the State of Vermont;" and if criminal in character and form, they manifestly should be in the name of the State. Such has always been the practice. The fact that the fine goes to the town or other municipality has never been held to make any difference.

Judgment reversed and judgment that complaint is insufficient and respondent acquitted.