THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN LYNCH, Plaintiff in Error, *v.* THE JUSTICES OF THE COURT OF SPECIAL SESSIONS, Defendants in Error.

*Ordinance of board of health of New York — ordinance must be specified, in complaint for violation of.*

Where proceedings are instituted against any person for a violation of an ordinance of the board of health of the city of New York, the particular ordinance violated should be specified in the complaint.

Writ of certiorari to the justices of the Court of Special Sessions of the city of New York, to review the trial and conviction of the relator for a misdemeanor.

*L. C. Waehner*, for the relator.

*W. P. Prentice*, for the respondents.

Daniels, J.:

The relator was arrested, tried and convicted of violating an ordinance made and published by the board of health of the health department of the city of New York. A variety of objections

were taken to the proceeding before the Court of Special Sessions previous to and during the trial. The principal of those not already considered in other cases brought before the court, related to the complaint upon which the trial was had. That was in the following form:

"Police Court, First District.

State of New York, }
City and County of New York, } ss. :

"Joseph S. C. Rowland, assistant sanitary inspector of said city, being duly sworn, deposes that on the 28th day of February, 1877, John Lynch, residing at number 180 Hester street, New York, where milk was then kept for sale, did violate the sanitary code, then, and at all times thereafter in force, and operative in said city, in this, that he, the said John Lynch, did keep, offer, and have for sale, unwholesome, watered, adulterated and reduced milk. And did water and adulterate milk, and bring the same into the said city of New York.

"JOS. S. C. ROWLAND, M. D.,
"Assistant Sanitary Inspector.

Subscribed and sworn to this 30th }
day of March, 1877, before me. }
"J. F. Kilbreth, Police Justice."

And the objection taken to it, which has been chiefly relied upon, is, that it should have set out the particular ordinance of the sanitary code alleged to have been violated. The same objection was repeated when the code was proved and offered in evidence. But on both occasions it was overruled by the court. The violation of the portion of the code on which the proceeding was based, was a misdemeanor, and punishable as such, and the complaint alleging it, should upon its face, have shown that a crime had been committed by the accused. The rule laid down is that the complaint should contain a complete statement of the offense, and as the law does not seem to have provided that courts shall take notice, without proof, of the ordinance, that can only be done by showing, at least, what provision contained in it has been violated. That is the general rule, including both civil and criminal proceedings taken to punish the violation of corporate or municipal by-laws. (Barb. Crim. law, 519,

520; *Harker* v. *Mayor, etc.*, 17 Wend., 199; Bishop on Statutory Crimes, § 406; *State* v. *Soragan*, 40 Vt., 450; *Commonwealth* v. *Worcester*, 3 Pick., 461, 473.) The complaint in such a case, to be sufficient, should set out the offense charged " and the substance of that part of the ordinance which has been violated, with a reference to the title, date or section." (Dillon on Corp. vol. 1, 437, § 347.)

While there seems to have been no good reason to doubt the relator's guilt, still, as he denied it, he was entitled to have the proceedings instituted to ascertain its existence carried on in conformity with the established forms of law. They have been devised for the protection of the innocent as well as the discovery of the guilty, and the courts are equally bound to maintain them in both classes of cases.

The reversal of the proceedings will not release the offender. He can still be tried, as he should be, in the formal manner he is entitled to have observed. But the present conviction cannot be sustained without violating rules as binding as those contained in the sanitary code itself. The conviction in this case should be reversed.

Davis, P. J., and Brady, J., concurred.

Conviction reversed.