### STATE *v.* S. H. O. BOSWORTH.

January Term, 1902.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and STAFFORD, JJ.

Opinion filed May 12, 1902.

*City ordinance—Adoption—Violation—Sufficiency of averment—Fine.*

A respondent, whose demurrer to the complaint is overruled, may plead over without waiving his right to insist upon his demurrer.

In a prosecution for the violation of a city ordinance, the complaint must directly allege that the ordinance was adopted and in force at the time in question.

In a prosecution for the violation of a city ordinance requiring all drain pipes within a building and for five feet outside the foundation thereof to be of a certain character, an instruction that, so far as the case showed, the soil pipe was never outside this wall, was not harmful, since the proof showed that the pipe constructed by the accused was in violation of the ordinance.

Under V. S. 2016, fines imposed in the county court in cases appealed from city courts, go to the state.

COMPLAINT for violation of an ordinance of the city of Montpelier, appealed from the municipal court of that city.

The respondent's motion to quash and his demurrer to the complaint having been overruled, *pro forma,* he pleaded not guilty. Trial by jury at the March Term, 1901, Washington County, *Watson,* J., presiding. Verdict guilty. Motion in arrest of judgment overruled. Judgment on verdict, and respondent sentenced to pay a fine to the state. The respondent excepted.

*T. J. Deavitt* and *Edward H. Deavitt* for the respondent.

The complaint is uncertain in that it does not set forth sufficient facts to show in what respect the respondent has failed to comply with the ordinance in question. The averment is in the disjunctive, and this is not sufficient. Wharton Crim. Plead. & Prac. sec. 161; *King* v. *North,* 6 Dow. & Ryl. 143; *State* v. *Gray,* 36 N. H. 359; *State* v. *Dyer, et al.,* 67 Vt. 690. There is no averment that the ordinance in question had been adopted by the city, or that is was in force at the time of the act complained of. *State* v. *Soragan,* 40 Vt. 450; *State* v. *Cruickshank,* 71 Vt. 94.

It is further contended that the ordinance in question is not a reasonable exercise of the legislative power conferred upon the city. *State* v. *Speyer,* 67 Vt. 502.

The charge that the soil pipe was never outside the foundation walls of the building was erroneous. The respondent's evidence tended to show that the iron pipe extended through the main wall of the house into the ground under the wood shed for a distance of about 7½ feet, and it is insisted that this made the soil pipe extend without the foundation walls of the tenement more than five feet, as required by the ordinance. The respondent was sentenced to pay a fine to the state, and insists that the fine should be paid to the city of Montpelier. V. S. 2016, No. 166, Acts of 1894.

*Richard A. Hoar,* State's Attorney, for the State.

The demurrer was properly overruled. The complaint set forth what the respondent in fact did that was contrary to the ordinance, in that the drain and pipes were not constructed and connected in accordance therewith. The joints were not leaded or screwed. The drain was not supplied with a running trap or with accessible clean-out. *State* v. *Cruickshank,* 71 Vt. 94; *State* v. *Soragan,* 40 Vt. 450.

The question whether the ordinance was ever adopted or not cannot be reached by a demurrer to the complaint; that is a matter of proof to be taken advantage of when the ordinance is offered in evidence; if not properly adopted, it would not be admitted. 1 Dill. Mun. Corp. §§ 413, 414.

A fine was properly made to be payable to the state. V. S. 2016; *State* v. *Cruickshank,* 71 Vt. 94.

The claim that the ordinance in question was unconstitutional because unreasonable, is untenable. The charge of the court that the ordinance was a reasonable one, was proper. *State* v. *Boardman,* 2 Mun. Corp. Cas. 576. The charge of the court that the soil pipe was never outside the foundation walls of the building was proper as the evidence shows that this new drain was extended into the cellar of the tenement house and was there connected with the pipes of the tenement.

STAFFORD, J. The city of Montpelier is authorized by its charter to make ordinances directing the location and management of all private drains, and compelling their construction under such regulations and inspection as the council may adopt. Acts 1894, No. 166, §§ 21-29; Acts 1896, No. 149, § 2. It has made an ordinance that "all drain and soil pipes when within a building, and for a distance of not less than five feet outside the foundation walls thereof, shall be of iron, with leaded or screwed joints, not less than four inches in diameter, supplied with a running trap, of the same size and diameter as the pipe, placed near the foundation wall, with an accessi-

ble clean-out," and that "a person neglecting or refusing to comply with the requirements, or violating any of the provisions, shall be fined not more than twenty-five dollars, nor less than one dollar, for each offense."

The complaint is that the respondent "did erect, build and maintain a drain and soil pipe within his building," which is described, "and for a distance of five feet or more outside the foundation walls of said building, of tile, and without leaded or screwed joints, and without being supplied with a running trap placed near the foundation wall or elsewhere, and without an accessible clean-out, and caused the same to be connected with the public sewer;" all of which is alleged to be "contrary to sections" so and so "of the general ordinances of said city," —being the same we have just quoted. It then recites the sections word for word, and concludes regularly against the form of the statute.

The respondent demurred, and now insists that the complaint is bad in that it does not say whether the respondent built a new drain or only maintained an old one; but it plainly charges him with constructing one contrary to the ordinance, and such was the evidence on trial.

He also insists that it is bad in that it fails to allege that the ordinance was adopted by the city. This is matter of fact to be alleged and proved; for the court cannot take judicial notice of the ordinance,—though it can of the charter, as that is a public act. *Winooski* v. *Gokey,* 49 Vt. 282; *State* v. *Cruickchank,* 71 Vt. 94, 42 Atl. 983; *State* v. *Soragan,* 40 Vt. 450.

The demurrer was overruled, *pro forma,* in the county court, and the defendant ordered to plead over, which he did; but this being a criminal case, he has not thereby waived his right to insist upon his demurrer, and he does so here by pointing out that there is no direct averment that the by-law was

ever adopted, nor that it was in force when the acts that are complained of were committed. There is an indirect aver-ment of the adoption, for the acts are alleged to have been done contrary to an ordinance of the city, which implies that the ordinance had been adopted. But this is not enough. The complaint is bad for want of a direct averment that the or-dinance was in fact adopted, and in force at the time in ques-tion.

It was claimed below, and is here, that the ordinance is unreasonable if, and in so far as, it may require changes in existing drains. We do not stop to consider this, for the complaint and proof here are that the respondent constructed a drain such as the ordinance forbade.

It is said the court erred in telling the jury that, so far as the case showed, the soil pipe was never outside the walls. It made no difference whether it was all within or not, if the part within and for five feet without—i. e. as far as the ordinance undertook to regulate it—was constructed, as this was, in vio-lation of the ordinance. So that the respondent was not harmed.

It is said the fine should be to the city, not to the state. The city court had exclusive original jurisdiction, but the case being criminal in its nature, there was the same right of appeal as from a justice of the peace. Acts 1894, No. 166, § 36. Fines imposed by the city court are payable to the judge, who is to account for the same to the proper treasurer, as pro-vided by law in case of justices of the peace. *Id.* § 37. In all cases appealed and entered in county court, the fine and costs shall be payable to the state, and the state shall pay the justice bill of costs. V. S. 2016. The fine goes to the state.

*The respondent's exceptions are sustained, the verdict, judgment and sentence set aside and the cause remanded.*