## State *v.* George Ploof.

(70 A2d 575)

November Term, 1949.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Blackmer, JJ.

Opinion filed January 3, 1950.

94

*John L. Folsom* for the respondent.

*John G. Kissane,* State's Attorney, and *Clifton G. Parker,* Attorney General, for the State.

SHERBURNE, C. J. There are three counts in the information in this cause. Count 1 is for intoxication. Count 2 is for breach of the peace, and count 3 is for soliciting a female person for the purpose of lewdness. The respondent pleaded guilty to count 1, and demurred to counts 2 and 3. The demurrer was overruled subject to the respondent's exception, whereupon the information was amended in certain particulars with the respondent's consent, and a trial was had and the respondent was found guilty upon counts 2 and 3. To the judgment on the verdicts and the sentences imposed the respondent duly excepted.

Omitting here therefrom the commencement, the time and place, and the formal conclusion, count 2, except for the matter in parentheses, charged that the respondent "did disturb and break the public peace by using (loud) profane and obscene language in the presence of others, to wit, one Miss Gadbois who was then and there a minor, to wit 10 years of age and others at this time unknown to your State's Attorney, said language being used on and about a public road in Sheldon Creek, so-called, and did then and there threaten the said Miss Gadbois with violence (and bodily injury) and did then and there put her in fear"; and count 3 charged that the respondent "did then and there solicit a female person, to-wit one Miss Gadbois for the purpose of committing lewd lascivious acts upon the (body of the) said Miss Gadbois." After the demurrer was overruled, the two counts were amended by inserting the matter within the parentheses.

Count 2 is founded upon V. S. 8458, Rev. 1947, which provides for the punishment of one "who disturbs or breaks the public peace by tumultuous and offensive carriage, by threatening, quarreling, challenging, assaulting, beating or striking another person." The grounds of demurrer attacking count 2, which are briefed, are (1) that the use of profane and obscene language in the presence of others as alleged in the complaint is neither an act done by violence, nor does it constitute tumultuous and offensive carriage, and (2) that the words "threaten with violence" do not indicate with sufficient certainty the manner in which the alleged offense was committed.

The respondent's exception to the action of the court in overruling his demurrer is available notwithstanding his pleading over. *State* v. *Bosworth,* 74 Vt 315, 318, 52 A 423; *State* v. *Perkins,* 88 Vt 121, 123, 92 A 1. However, if the amendment to the count by inserting the word "loud" before "profane and obscene language" made the count good, the error, if any, in overruling the demurrer upon ground (1) was cured.

A breach of the peace frequently involves intimidation and putting in fear; but not necessarily so. When the offense is committed by threatening and quarreling, it may involve these elements. Anything that amounts to "tumultuous and offensive carriage" is a breach of the peace under the statute. This term embraces an endless variety of acts and incidents. *State* v. *Christie,* 97 Vt 461, 123 A 849, 34 ALR 577. In that case the evidence tended to show that after midnight during a strike of union men, a youth went along the highway past houses occupied by non-union men shouting "scab", "bozo" and "rats", to the annoyance, disturbance and alarm of the people therein, and it was held that a motion for a directed verdict was properly overruled. In *State* v. *Coffin,* 64 Vt 25, 23 A 632, a complaint that the respondent "did disturb and break the public peace, by tumultuous and offensive carriage, by firing guns, blowing horns and beating pans and other unnecessary and offensive noise", was sustained upon demurrer. This case seems to assume that fear of bodily harm must result from the act charged, but in commenting upon it, it is stated in *State* v. *Christie, supra,* that this is not so.

The use of loud, profane and obscene language upon the public highway in the presence of others, particularly a girl of tender years, tends to disturb the quiet, repose and tranquility essential to the rest and comfort of well ordered society, and comes within the definition of "tumultuous and offensive carriage" as used in the statute. Because of the amendment the first ground of the demurrer is now of no avail. In this connection it should be noted that the demurrer makes no claim that the words used in the count do not indicate with sufficient certainty the actual expressions used, and consequently we express no opinion thereon.

Ground (2) of the demurrer, that the words "threaten with violence" do not indicate with sufficient certainty the manner in which the alleged offense was committed, states a valid objection. The acts which constitute the threatening must be stated so

that it will clearly appear upon the face of the complaint, whether their character is such as to constitute the offense. *State* v. *Matthews, 42* Vt, *542, 545.* But, since the count is sufficient to state a breach of the peace in other respects, as we have noted under ground (1) of the demurrer, and it appears upon the face of the count that all the acts alleged to have been done were committed on the same occasion, and are parts of the same transaction, the count as a whole must be sustained. *State* v. *Matthews, supra, 42* Vt at page 550.

The respondent demurred to the third count upon the ground that it does not set forth the nature of the acts alleged as lewd and lascivious. This count is based upon V. S. 8483, subdiv. VI, Rev. 1947. The statute does not define with any certainty the crime, and the complaint should set forth the nature of the acts alleged to be "lewd" and "lascivious" with such particularity that it will clearly appear upon the face of the complaint whether their character is such as to come within those terms. *State* v. *Ryea, 97* Vt *219, 122* A *422; State* v. *Matthews, supra.* Respondent's exception to the overruling of his demurrer to this count is sustained.

As shown in *State* v. *Webb, 89* Vt *326, 95* A *892,* it seems that the first statute allowing a criminal case to be taken to this Court on exceptions for review on questions of law, decided in the county court, was enacted by No. 2, § 1 of the Laws of 1828. So far as here material, it reads: "That each and every question of law, decided in the county court, arising upon trial by jury, . . . may, after verdict of guilty is returned, if, upon consideration of the difficulty and importance of such question, such court shall so direct, and not otherwise, be allowed and placed upon the record, and the same shall thereupon pass to the Supreme Court, for final decision; . . . ." In the Revised Statutes, Chap. 25, § 64, questions of law arising on demurrer were included, and section 65 provided for passing such a case to this Court on exception to the decision of the county court upon a motion in arrest of judgment. The law stood in this way until No. 9 of the Acts of 1856 was enacted whose provisions have remained in force without change as to substance and meaning and are now as stated in V. S. 2453, Rev. 1947, except for an amendment by No. 47 of the Acts of 1937 relative to respiting and staying judgment, sentence and execution. Section 2453 reads: "After a verdict of guilty is returned and

upon motion. of the respondent, questions of law decided by the county court arising upon demurrer, trial by jury or motion in arrest, in a prosecution by information or indictment for a crime or misdemeanor, shall be allowed and placed upon the record, and the same shall thereupon pass to the supreme court for final decision.   Judgment, sentence and execution shall be respited and stayed in all causes where the respondent has been convicted of a misdemeanor and in capital causes, and in other causes only at the discretion of the Court."

V. S. 2455, Rev. 1947, so far as here material, reads: "When the county court has passed judgment and sentence upon the verdict of the jury, and the supreme court does not find an error in the proceedings of the county court, it shall adjudge that the exceptions be overruled.   If it finds error, the judgment and sentence of the county court shall be reversed and judgment of acquittal rendered by the supreme court, or the cause remanded to the county court for a new trial."   V. S. 1465, Rev. 1947, so far as here material reads: " . . . exceptions may be taken in a municipal court and the cause passed to the supreme court and there decided in the same manner·as if passing to the supreme court from the county court; and with respect thereto the judge of the municipal court shall have the powers and duties given to the presiding judge of the county court by chapter 99."

■■ So far as we are aware the question of the amount and . length of a sentence, when within the limits prescribed by law as in this case, has never been raised in this Court.   It is clear that the only questions to be decided upon section 2455 above on exceptions from the county court are those matters specified in section 2453.   These do not include questions as to a sentence.   Under section 1465 in a criminal cause, only those exceptions are for consideration which would be for consideration if taken to the rulings of the county court.   It follows that this Court is not empowered to pass upon respondent's exception to the sentence, since in the absence of a constitutional requirement, there is no such.thing as a right. of appellate review independent of a statute granting the same.   What we speak of as such is a mere legislative privilege to be granted or withheld as may seem best to the law-making body. *Miles Block Co.* v. *Barre & Chelsea R. R. Co.,* 96 Vt 526, 121 A 410; *Cutting* v. *Cutting,* 101 Vt 381, 384, 143 A 676; *Stevens* v. *Wright,* 108 Vt 359, 187 A 518; *In Re Walker Trust Estate,* 112

Vt 148, 151, 22 A2d 183; *Roddy* v. *Fitzgerald Estate,* 113 Vt 472, 475, 35 A2d 668.

As to count 2 for breach of the peace respondent's exceptions are overruled. As to count 3 for soliciting a female person for the purpose of lewdness the judgment and sentence are reversed and cause remanded.