# State of Vermont v. Raymond E. Pelletier

[185 A.2d 456]

September Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 15, 1962

*Robert D. Rachlin,* State's Attorney, for the State.

*Lee E. Emerson* for the respondent.

**Hulburd, C. J.** The state's attorney for Caledonia County filed a complaint in Caledonia Municipal Court charging that the respondent "at Lyndonville in said County of Caledonia, on to wit, the 8th day of March, 1961 did then and there operate a motor vehicle, to wit, an M.G.A. automobile, on the public highway, to wit, U. S. route #5, in excess of the posted speed limit of 35 M.P.H., to wit, at a speed of 50 M.P.H., contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State." On the morning of the trial, counsel for the respondent stated to the court that—"We feel that under the circumstances we should not be required to proceed with this until the matter of where the offense is supposed to have taken place, and whether the village ordinance is being claimed to being violated, is clarified." Whereupon the State's attorney moved to amend the complaint by inserting after "route #5," "also known as Main Street in the Village of Lyndonville," and by inserting after "50 M.P.H." "in violation of the village ordinance of said

Lyndonville." To this proposed amendment, counsel for the respondent stated he had no objection and the amendment was allowed. Thereafter, after the empanelling of the jury but before evidence was introduced, the respondent filed a motion to dismiss and the state's attorney made a further motion to amend the complaint by inserting after the words, "ordinance of the said Village of Lyndonville," the following: "to wit, specifically Section 2 of chapter 2 of the aforesaid ordinance." The amendment, as proposed, was allowed and on the basis of the complaint, as amended, the motion to dismiss was denied. The respondent was allowed an exception to the court's overruling of his motion to dismiss on all the grounds stated therein. Thereafter, upon inquiry by the court, the respondent informed it that he was ready to proceed with the trial. Trial followed.

The respondent's motion to dismiss was based on eight different grounds. We turn directly to the last of these which reads: "The complaint as drawn and amended fails to appraise the respondent of any specific ordinance he is charged with the violation of."

In considering the sufficiency of the complaint in this regard, we must have in mind that the court cannot take judicial notice of local ordinances. They are not public laws of which the court can take judicial notice. They are facts and must be pleaded as such. *State* v. *Soragan,* 40 Vt. 450, 454. It follows that a complaint upon a village ordinance must set it forth. A reference to it by chapter and section is not sufficient. *State* v. *Cruickshank,* 71 Vt. 94, 42 Atl. 983. Moreover, the complaint should allege that the ordinance was duly adopted and was in force at the time of the act which is the subject of the complaint. *State* v. *Bosworth,* 74 Vt. 315, 318, 52 Atl. 423.

Measured against these requirements, it is at once apparent that the complaint is not sufficient. When the court below ruled against the respondent on his motion to dismiss, the respondent went to trial, and in the course of it the ordinance was duly proved in conformity with 12 V.S.A. §1694. By so doing, had this been a civil action, a defendant would have waived the benefit of his demurrer. *German* v. *Bennington & Rutland R. R. Co.,* 71 Vt. 70, 71, 42 Atl. 972. The same result would have been reached in connection with a motion to dismiss. *Price* v. *Rowell,* 121 Vt. 393, 395, 159 A.2d 622. However, since the state's attorney was basing his right to proceed upon 23 V.S.A. §1008 (under which the legislature has recognized

that the state has, at least, a co-existing interest with the municipality in the control of motor vehicles and matters relating thereto) this must be regarded as a criminal prosecution. As such the waiver which would result in a civil case did not arise here. Compare *State* v. *Ploof,* 116 Vt. 93, 95, 70 A.2d 575.

It follows from the foregoing that the respondent's exception to the court's action in denying his motion to dismiss is available notwithstanding that he went to trial after his motion to dismiss had been denied. Although the trial court should have held the complaint insufficient, its insufficiency was not such as to be irremediable by amendment. It was not completely lacking in substance. There was some indication in it as to the subject matter of the ordinance and we think that in such a case the trial court could have properly allowed an amendment which would have correctly set forth the ordinance and its adoption and existence. Since our rule is more strict than that existing in most jurisdictions, we are perhaps bound to be more liberal in the matter of amendments than those jurisdictions which do not require that the ordinance itself be pleaded. See 62 C.J.S. p. 685. This being so, we will remand the case to give an opportunity that this may be done. Compare *State* v. *Harre,* 109 Vt. 217, 220, 195 Atl. 244.

Consideration of the remaining exceptions would serve no useful purpose.

*Judgment reversed and cause remanded.*