# State of Vermont v. Dorothy R. Snyder

[189 A.2d 535]

January Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed March 6, 1963

*John A. Rocray,* State's Attorney, for the State.

*Kissell & Kissell* for the respondent.

**Holden, J.** The respondent appeals from her conviction for a motor vehicle violation in the Bellows Falls Municipal Court. The information upon which the judgment of guilty stands alleged:
"Dorothy R. Snyder of Grafton in the County of Windham, at Westminster in said County of Windham on to wit the 29th day of August, 1960, did then and there operate a motor vehicle on the public highway leading from Saxtons River to Bellows Falls and known as Vermont Route #121, at a rate of speed in excess of 30 miles Per Hour." The information was signed September 6, 1960 by Robert Grussing III on his oath of office as Deputy State's Attorney of the county.

On March 6, 1961, during the term of a different incumbent of the office of state's attorney, the respondent moved to dismiss the

complaint for the reason that it did not allege a criminal offense. The State then requested to amend the information by adding the words "in a restricted area." The amendment was allowed and the respondent's motion to dismiss denied with exceptions to the respondent. The cause then proceeded to trial by the court, sitting without a jury.

The information must stand or fall on the complaint as it was originally presented, since the subsequent amendment was made by a different informing officer, without the formality of his oath of office. This defect deprived the municipal court of jurisdiction to entertain the amendment. *State* v. *Harre,* 109 Vt. 217, 220, 195 Atl. 244; see also *State* v. *Donaldson,* 101 Vt. 483, 487, 144 Atl. 684.

The information in question specifies only the town of Westminster as the place where the alleged offense occurred. Outside the limits of a city or incorporated village, the maximum rate of speed on all public streets and highways, except the national interstate and defense highways, is fifty miles per hour. There are certain other exceptions provided in the statute, but such circumstances must be specially pleaded if relied upon as the basis for criminal action. 23 V.S.A. §§1141-1142 (as amended in 1961).; *State* v. *Pelletier,* 123 Vt. 271, 185 A.2d 456 (opinion filed November Term 1962).

The present complaint, in merely charging a rate of speed in excess of thirty miles an hour, fails to allege an offense under the statute. The motion to dismiss was well founded and should have been granted. *State* v. *Pelletier, supra; State* v. *Wersebe,* 107 Vt. 529, 533, 181 Atl. 299; *State* v. *Caplan,* 100 Vt. 140, 150, 135 Atl. 705; *State* v. *Aaron,* 90 Vt. 183, 185, 97 Atl. 659; *State* v. *Perkins,* 88 Vt. 121, 125, 92 Atl. 1.

This being a criminal prosecution, the respondent's objection to the complaint is not lost by proceeding to trial after the denial of her motion. The error is available for review on appeal, even after judgment and sentence. *State* v. *Pelletier, supra; State* v. *Ploof,* 116 Vt. 93, 95, 70 A.2d 575; *State* v. *Bosworth,* 74 Vt. 315, 318, 52 Atl. 423.

*Judgment reversed and cause remanded.*