## Robert Hambley, et al. v. Town of St. Johnsbury, Warren Motors, Inc., and St. Johnsbury Police Department

[290 A.2d 18]

No. 154-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 4, 1972

*Richard S. Kohn,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*Swainbank, Gensburg & Morrissette,* St. Johnsbury, for Town of St. Johnsbury.

*Kyle T. Brown,* St. Johnsbury, for Warren Motors, Inc.

Shangraw, C.J. In January, 1971, the plaintiffs in this action had their automobiles towed from a street and a parking lot in the Town of St. Johnsbury by defendant, Warren Motors, Inc., while it was acting as an agent for defendant, Town of St. Johnsbury.

The vehicles towed by Warren Motors, Inc., were parked in areas and at times which placed them in violation of Chapter 3, § 15 of the Ordinances of the Town of St. Johnsbury. Chapter 3, § 15 was enacted by the Town of St. Johnsbury in December, 1966, under the Charter powers granted to it by the state by No. 345 of the Public Acts of 1957. The ordinance pursuant to which plaintiffs' vehicles were removed states:

"Sec. 15. No person shall park or cause to be parked or left unattended any motor vehicle for the space of more than thirty minutes at any time between twelve o'clock midnight and six o'clock in the morning on any public highway or street in the Town of St. Johnsbury between the 15th day of November and the first day of April.

Any motor vehicle so parked in violation of this section may be towed to a public garage at the owners responsibility for all expenses incurred, for towing charges and storage, and at the owners risk of damage to the vehicle so towed. Such vehicles will be held until the charges for towing and storage have been paid.

Any person violating this ordinance shall be fined not to exceed Ten Dollars."

Soon after the plaintiffs recovered their vehicles they commenced this action in Caledonia County Court by filing a bill of complaint in which they alleged Chapter 3, § 15 of the Town of St. Johnsbury Ordinances was invalid because it was not in compliance with 23 V.S.A. §§ 1752–1753 which provide as follows:

"§ 1752. Parked Vehicles

Whenever a motor vehicle is parked on the highways of the town contrary to an ordinance of the town regulating parking so as to interfere with the policing, construction or maintenance of the highways, including but not limited to the removal of snow, the police department of the town may cause the motor vehicle to be towed away at the expense of the owner in an amount not to exceed $15.00, provided signs indicating that vehicles may be towed away at the owner's expense shall be posted conspicuously at intervals of not more than 100 feet along

highways, where parking is restricted by ordinance of the town.

§ 1753. Ordinances authorizing removal

The selectmen of a town, the trustees of a village or the board of aldermen of a city may enact ordinances authorizing the removal of automobiles parked without authorization on publicly or privately owned land and including, by illustration and not limitation, public, municipal or private parking lots, drives and ways. The owner of the automobile may be required to pay a reasonable towing charge, not to exceed $15.00 for such removal and storage charges not to exceed $1.00 per day for which a lien may be imposed against the automobile and/or its owner which may be in addition to any criminal penalty."

In this action the plaintiffs sought to enjoin the enforcement of the ordinance and recover the amounts they paid for towing charges. The Caledonia County Court concluded that § 15, *supra,* of the ordinance was duly enacted and in full force and effect. Plaintiffs' prayer for relief was denied and they have appealed to this Court for review.

23 V.S.A. §§ 1752–1753 empower towns to tow motor vehicles under certain conditions. These sections are within Chapter 19 of Title 23 V.S.A. which as originally enacted by the legislature by No. 103 of the Public Acts of 1961 was entitled "An Act To Provide For The Establishment of Police Courts." In 1967 the legislature by No. 292 of the Public Acts of 1967, Adjourned Session, amended 23 V.S.A. § 1752 to increase the maximum towing expense the owner of the vehicle may incur, and enacted 23 V.S.A. § 1753. Therefore, when the powers granted by 23 V.S.A. §§ 1752–1753 are examined in view of the general objects of Chapter 19 of Title 23 it becomes readily apparent they are enforcement powers granted to a municipality undertaking the operation of a police court.

It is a fundamental rule of this Court that when we ascertain and give effect to the intention of the legislature the definitive source of such intent is the language of the enact-

ment itself, if that language plainly sets it forth. *Town School District of St. Johnsbury* v. *Town School District of Topsham*, 122 Vt. 268, 271, 169 A.2d 352 (1961) ; *State* v. *Mahoney*, 122 Vt. 456, 458, 176 A.2d 747 (1962). In this instance we must first examine Chapter 19 of Title 23 to determine in what manner the legislature intended its provisions to authorize the creation of police courts. This is a necessary step, as the existence of a police court as provided for by Chapter 19 of Title 23 in the Town of St. Johnsbury has to be established before the issue as presented by the plaintiffs may arise.

The section of Chapter 19 providing for the creation of a police court is 23 V.S.A. § 1742, and it states as follows:

"A police court may be created by any town having a population of one thousand or over according to the preceding United States census with the sole jurisdiction of receiving waiver of service of process and trial, admission of violation, and fines from violators of parking ordinances of the town and for the sole purpose and with the sole authority of carrying out the provisions of this chapter."

It is clear the term "may" as used in 23 V.S.A. § 1742 is used in a permissive sense rather than in a mandatory sense. See *State* v. *Levine,* 117 Vt. 320, 324–25, 91 A.2d 678 (1952), and cases therein cited.

The procedure which the town is to follow when establishing a police court is set forth in 23 V.S.A. § 1751 where it is stated:

"Sections 1741–1750 and 1752 of this title shall take effect when they have been adopted by a majority of the voters of the town, present and voting at any regular or special meeting warned for that purpose."

Thus, the provisions contained within Chapter 19 are not to be given effect until a majority of the voters of the town seeking to establish a police court have adopted it.

In this instance there is a complete absence of proof that the voters of the Town of St. Johnsbury have enacted an ordinance authorizing the creation of a police court as

provided for in 23 V.S.A. § 1751. This Court has long held that it cannot take judicial notice of a local ordinance. *Eno* v. *City of Burlington,* 125 Vt. 8, 9, 209 A.2d 499 (1965); *Herbert* v. *Stanley,* 124 Vt. 205, 207, 201 A.2d 698 (1964); *State* v. *Pelletier,* 123 Vt. 271, 272, 185 A.2d 456 (1962); *State* v. *Bosworth,* 74 Vt. 315, 318, 52 A. 423 (1902); *State* v. *Cruickshank,* 71 Vt. 94, 95, 42 A. 983 (1899); and *State* v. *Soragan,* 40 Vt. 450, 454 (1868).

By reason of the foregoing the provisions of Chapter 19 of Title 23 cannot be assumed to have been adopted and therefore they are without force and effect in this case.

■ The plaintiffs have not challenged the authority of the Town of St. Johnsbury to enact § 15 of the Ordinances of the Town of St. Johnsbury under its charter. The finding and conclusion of the court that the foregoing ordinance was in full force and effect must be sustained. The Town of St. Johnsbury, under § 8(c) of No. 345 of the Acts of 1957, was, by the legislature, given the power to establish ordinances regulating:

> "The use of streets and highways; the regulation of traffic, both vehicular and pedestrian; taxicabs and all vehicles, exclusive of motor buses, used in the conveyance for hire of persons or goods; the parking, operation and speed of vehicles; guide posts, street signs and street safety devices; milk and cream businesses and routes."

Since the town did not elect to proceed under 23 V.S.A. § 1751, and thereby be bound by the provisions of 23 V.S.A. § 1752, its restrictions do not apply. The legislative grant in the charter amendment already noted authorizes the ordinance as drawn, and supports its appropriate enforcement. The relief sought by the plaintiffs was properly denied.

*Judgment order affirmed.*