## State of Vermont v. Merrill A. McGrail

[353 A.2d 342]

No. 190-73

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 3, 1976

*Stephen W. Webster,* Orange County State's Attorney, Randolph, for State.

*Robert Edward West,* Defender General, and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

**Daley, J.** The defendant was tried and convicted upon an officer's complaint which alleged that on February 4, 1973, in Randolph, Vermont, he was in the physical control of an automobile or motor vehicle while under the influence of intoxicating liquor. He now appeals from that conviction upon the ground that the complaint failed to allege that the act charged was committed upon a public highway. He claims that absent such an allegation the complaint was legally insufficient to state an offense and that it violated his rights under chapter I, article 10 of the Vermont Constitution.

The statute in force and effect on February 4, 1973, was 23 V.S.A. § 1201(a) as amended by No. 267 of the Acts of 1969 (Adj. Sess.). This section provided that "a person may not operate, attempt to operate or be in actual physical control of any vehicle while under the influence of intoxicating liquor."

We have long held that where an offense is one created by statute it is generally sufficient to describe the offense in the words of the statute. See *State* v. *Cook,* 38 Vt. 437 (1866); *State* v. *Daley,* 41 Vt. 564 (1889); *State* v. *Margie,* 119 Vt. 137, 120 A.2d 807 (1956). In *State* v. *Margie, supra,* at 141, we stated:

> All that is required is that the charge be set forth with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense, and if the trial goes against him, to plead his conviction in a subsequent prosecution for the same offense. (citations omitted).

The defendant has made no claim that his rights, in these respects, were violated. He contends that the complaint's failure to allege that the offense charged was committed upon a public highway is a substantial defect.

While the defendant made no motion in arrest of judgment after the verdict was returned, a contention that an information or indictment failed to charge an offense will be considered though raised for the first time on appeal.

V.R.Cr.P. 12(b)(2), Reporter's Notes; V.R.Cr.P. 34, Reporter's Notes; *State* v. *Snyder*, 123 Vt. 367, 368, 189 A.2d 535 (1968). This action was commenced before the effective date of our Rules of Criminal Procedure, V.R.Cr.P. 59(a), but the Reporter's statements that the defendant's contention is now properly before us are asserted to be in conformity with prior Vermont practice. We agree that they are supported by the pre-Rules more recent and more numerous cases and that they should govern this case. See *State* v. *Provencher*, 128 Vt. 586, 589, 270 A.2d 147 (1970); *State* v. *Baril*, 127 Vt. 394, 250 A.2d 732 (1969) ; *State* v. *Snyder, supra*, 123 Vt. at 368; but see *State* v. *Cocklin*, 109 Vt. 207, 216, 194 A. 378 (1938).

But while defendant's contention is properly here, we do not find it convincing.

The statute in issue did not attempt to delineate where the proscribed acts must occur, i.e. on a public highway or upon private property. In *State* v. *Bruce*, 126 Vt. 367, 231 A.2d 207 (1967), a case brought under a similar statute, we stated at page 371 that "[s]uch offense . . . need not necessarily occur on a public highway as we held in *State* v. *Bromley*, 117 Vt. 228, 230, 88 A.2d 833." In this latter case the defendant claimed that the State had failed to prove that his operation was upon a public highway as the term was defined in our statutes. The complaint had alleged operation upon a public highway, and the evidence reasonably tended to show that the parking lot in which the offense had occurred was open to the public and to the general circulation of automobiles. The question as to whether or not the offense occurred on a public highway as defined by statute was properly held to be a jury question. We do not construe *Bromley* as holding that the conduct proscribed by the statute now under consideration had to occur upon a public highway.

Finally, the record reveals the operation of the defendant's vehicle to have been upon a public highway. The jury was instructed that in order to find the defendant guilty it must find beyond a reasonable doubt the operation or physical control of a motor vehicle upon a public highway, while under the influence of intoxicating liquor. Since the omission of the allegation that the offense charged occurred on a public highway is not a substantial defect, the jury in-

struction was overly restrictive to the defendant's favor, and he can point to no prejudice resulting from the trial.

*Judgment affirmed.*