## State of Vermont v. Kenneth L. Atwood

[438 A.2d 387]

No. 353-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

*Kenneth L. Atwood,* pro se, Barre, Defendant.

**Per Curiam.** The defendant received a uniform traffic ticket from a Montpelier police officer for traveling 40 miles per hour in a 25-mile-per-hour zone. The ticket, which under Vermont law serves as the information, 23 V.S.A. § 2203, alleged violations of 123 V.S.A. § 1007 and Montpelier city ordinance

10-300. The reference to 123 V.S.A. § 1007 was intended to refer to 23 V.S.A. § 1007. Defendant pleaded not guilty and presented his case to a judge sitting without a jury. He was found guilty, fined $30, and appeals his conviction and fine to this Court.

23 V.S.A. § 1007 authorizes the legislative body of a municipality to establish the speed limits prevailing within its borders. Though the traffic ticket alleges a violation of a municipal ordinance, our search finds no mention in the record of the ordinance, much less of proof that it had legal effect. Under our law, a court cannot take judicial notice of a local ordinance. *Hambley* v. *Town of St. Johnsbury*, 130 Vt. 204, 208, 290 A.2d 18, 20 (1972); *W. R. Sorg & North Hero House, Inc.* v. *North Hero Zoning Board of Adjustment*, 135 Vt. 423, 424, 378 A.2d 98, 100 (1977).

To be fatal, a variance between the allegations in an indictment or information and the proof offered at trial must be material and prejudicial. *State* v. *Lamelle*, 133 Vt. 378, 381, 340 A.2d 49, 51 (1975). Here, the evidence presented at trial proved only that defendant travelled 40 miles per hour. In the absence of proof that a legally effective ordinance required a lower speed, he committed no offense. Thus the variance is both material and prejudicial.

*Reversed, vacated, and judgment of acquittal entered.*