## State of Vermont v. Guy M. Page

[457 A.2d 653]

No. 386-81

Present: Billings, Hill, Underwood and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1983

*John R. Churchill* and *Dena Monahan,* Chittenden County Deputy State's Attorneys, and *Robert Andres,* Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Guy M. Page* and *Villa, Tiballi & Hazelett,* Burlington, for Defendant-Appellant.

**Billings, J.** The defendant was charged and convicted of driving in excess of the 35 mph speed limit imposed by a Colchester town ordinance. Defendant appeals, claiming the State failed to prove due enactment of the ordinance pursuant to

23 V.S.A. § 1007. More specifically, he claims that the State did not prove that the speed limit was adopted as a result and on the basis of the requisite engineering and traffic investigation. 23 V.S.A. § 1007(a).

23 V.S.A. § 1007 authorizes the legislative body of a municipality to establish the speed limits prevailing within its borders. That statute provides, in part, as follows:

> Whenever the legislative body of a municipality determines, on the basis of an engineering and traffic investigation, that a maximum speed permitted under this chapter is greater or less than is reasonable and safe under conditions found to exist upon all or a part of any city, town or village street or highway within its jurisdiction, it may determine and declare a reasonable and safe maximum limit ....

 As we have often stated, however, under our law a court may not take judicial notice of a local ordinance. *State v. Atwood,* 140 Vt. 301, 302, 438 A.2d 387, 388 (1981); *State v. Pelletier,* 123 Vt. 271, 272, 185 A.2d 456, 457 (1962); *Hambley v. Town of St. Johnsbury,* 130 Vt. 204, 208, 290 A.2d 18, 20 (1972). Thus, in order to prevail in a case involving a violation of a local speed limit, the State must prove not only the fact of excessive speed, but also the content of the ordinance and that it had legal effect. *State v. Atwood, supra,* 140 Vt. at 302, 438 A.2d at 388.

At trial, the State introduced as an exhibit a certified copy of the certificate of adoption of the speed limit, duly signed by the Colchester Board of Selectmen. The certificate read, in part, as follows:

> Pursuant to § 106-109 of the Colchester Town Charter and Title 23 V.S.A. Secs. 1007 & 1008, the Board of Selectmen held a public hearing ..., and adopted without amendment the following amendment to the Colchester Ordinance of Traffic, Chapter 12: ... Malletts Bay Avenue: ... 35 mph from the Thibault Farm (so-called) to the intersection of ... Lakeshore Drive (Town Highway #1).

In addition, the State introduced a certified copy of Chapter 12 of the Colchester Ordinance of Traffic, which incorporated

this 35 mph speed limit. Further, through testimony of the arresting officer, the State established both the rate of speed of defendant's vehicle, and the fact that speed signs were posted visibly along the portion of road in question.

Defendant on appeal makes the same argument he offered in support of his motions to dismiss and for new trial. That is, by its own evidence the State failed to prove that the ordinance had legal effect, for the certificate of adoption did not recite that the selectmen were acting on the basis of an "engineering and traffic investigation" when they lowered the speed limit. 23 V.S.A. § 1007(a). This, without more, he argues, was sufficient evidence to rebut the presumption that action taken by selectmen within the scope of their official duties is regular and in accordance with statute. *Murray* v. *Webster*, 123 Vt. 194, 200, 186 A.2d 89, 93 (1962); *Town of Manchester* v. *Town of Townshend*, 110 Vt. 136, 143, 2 A.2d 207, 209 (1938). Defendant offered no other evidence to buttress this claim of invalidity, and although in making the motions his attorney stated that "[d]efendant has reviewed the Minutes of the Selectmen's meetings and has been unable to locate any reference to an 'engineering and traffic investigation,'" defendant inexplicably offered neither sworn testimony nor documentary evidence in support of this point.

We cannot agree that the certificate of adoption, in failing to mention the traffic report, was invalid on its face. In fact, on its face the certificate appears proper and complete: it cites all authorizing legislation and actions taken, and is duly signed and certified. Indeed, the certificate states that the selectmen adopted the ordinance "pursuant to 23 V.S.A. § 1007." The plain meaning of such statement is that the statutory requisites were followed, not ignored, as defendant would assert. Thus, even without resort to the presumption of regularity, the State met its burden of proving the local ordinance, its content and its legal authority. *State* v. *Atwood, supra*. Of course, had defendant introduced any competent evidence tending to show a lack of strict compliance with statutory procedures, the State would have been compelled to come forward with additional evidence of validity. *Town of*

*Waterford* v. *Pike Industries, Inc.,* 135 Vt. 193, 196, 373 A.2d 528, 530 (1977); *Tyrrell* v. *Prudential Insurance Co. of America,* 109 Vt. 6, 23–24, 192 A. 184, 192 (1937).

Nor is there merit in defendant's claim that by so holding, we impermissibly relieve the State of its obligation to prove every element of its case beyond a reasonable doubt. *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975); *State* v. *Gokey,* 136 Vt. 33, 383 A.2d 601 (1978). The record indicates that the State met its burden of going forward on all essential elements and, in addition, proved each element to the requisite constitutional degree. Absent the introduction of competent evidence to challenge this proof, the State was required to do no more. Cf. *State* v. *Dacey,* 138 Vt. 491, 418 A.2d 856 (1980).

*Affirmed.*