2009 VT 56

**STATE of Vermont v. Paul KEARNEY**

[979 A.2d 465]

No. 08-187

¶ 1. May 28, 2009. The State appeals the district court's order affirming the decision of the Judicial Bureau that the Town of Woodstock had no authority to prohibit left turns on a particular street that runs through the town. We reverse and remand for a determination of penalty.

¶ 2. Defendant was cited for violating a regulation of the town by making a left turn onto a street where the town had prohibited left turns. Defendant moved for dismissal of the citation based solely on his argument that the street in question is in fact a state highway, and the town's no-left-turn ordinance violated state law prohibiting municipalities from regulating state highways. 23 V.S.A. § 1008. Whether a road in a town is a state highway, and whether the town ordinance is a valid enactment with respect to the roads in question, are elements of the traffic offense that the State has the burden of proving. See *State v. Blaine*, 133 Vt. 345, 352-54, 341 A.2d 16, 20-21 (1975) (where defendant was accused of violating speed limit on state highway, law did not allow municipalities to enact speed limits on state highways, and there were no findings that the state traffic committee enacted the speed limit in question, defendant could not be convicted of violating speed limit); *State v. Pelletier*, 123 Vt. 271, 272, 185 A.2d 456, 457 (1962) (local ordinances, such as speed limits, are facts that must be pled).

¶ 3. At the Judicial Bureau hearing, the State and defendant introduced evidence including the citing officer's affidavit, an Agency of Transportation (AOT) map of the roadways within the town, a copy of the Woodstock Village Ordinances, and multiple other maps and photographs of the intersection at issue. The Bureau hearing officer concluded that it was undisputed that the street in question was a state highway and that § 1008 prohibited the town from adopting the no-left-turn ordinance for what was strictly a state highway. Consequently, it ruled for defendant. The State appealed this decision to the district court, which heard the appeal on the record, and concluded that the State's evidence regarding the status of the roads as town highways was ambiguous and inconclusive. The court ruled that on this record the Bureau's hearing

officer was within his discretion to determine that the State had not met its burden of proof.

¶ 4. As the proceedings below demonstrate, the decisive issue in this case is whether the roads in question are town highways. By statute, a municipality may enact special regulations, such as the no-left-turn ordinance in this case, on roads that are designated as "town highways." 23 V.S.A. § 1008(a). However, only the state traffic committee may regulate roads that are "state highways." *Id.* The statutory definition of town highways includes lengths of state highways, but only if so designated by AOT. See 19 V.S.A. §§ 1, 302(a)(1) ("Class 1 town highways are those town highways which form the extension of a state highway route and which carry a state highway route number. The agency shall determine which highways are to be class 1 highways.").

¶ 5. The State insists that, on review, the district court was obligated to recognize the AOT designation of the street as a town highway. Whether the designation had to be established as a matter of fact or law need not detain us, since defendant conceded on appeal that the AOT map correctly depicted the street as a town highway. Defendant thus admitted the only fact in contention and further agreed that the issue on appeal was solely a question of law. Because we find no basis in the law for ruling that a road designated as a town highway, even if also a state highway, cannot be regulated by a town, we must reverse the decision below.

*Reversed and remanded for a determination of the appropriate penalty.*