STATE *v.* CARLIE H. HALLOCK.

May Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 2, 1945.

*Wayne C. Bosworth, State's Attorney,* for the State.

*Ezra S. Dike* and *Louis Lisman* for the respondent.

BUTTLES, J. The respondent was prosecuted in county court for the offense of operating a motor vehicle upon the public highway after his operator's license had been revoked. Trial by jury resulted in a disagreement and the jury was discharged. It was then stipulated and agreed by the parties, through their respective attorneys, that the case should be tried by the court without a jury; that the transcript of the jury trial should constitute the evidence to be considered by the court in making findings of fact; and that the judges of the county court, present at the trial by jury, should treat the evidence introduced thereat as if the same had been presented before them acting as a court in a trial without a jury. It is not questioned that there was a sufficient waiver of the respondent's right under Chap. 1 Art. 10 of the Constitution of Vermont to a trial by jury. Pursuant to this agreement findings of fact were made and filed and the State has brought the case to this Court before final judgment, under the provisions of P. L. 2425, upon its exception to the last finding so made.

The respondent has challenged the jurisdiction of the courts of Vermont in this case and we first give attention to the jurisdictional question. It is contended that the offense charged lies within the admiralty jurisdiction of the United States courts and that the

jurisdiction of the State courts is thereby excluded. It is not questioned that Lake Champlain is a part of the navigable waters of the United States, and that the maritime jurisdiction granted to the federal government and its courts by the Constitution and statutes of the United States applies to it. See *St. John* v. *Thompson,* 108 Vt 66, 68, 182 A 196.

From the findings it appears that the respondent's license to operate motor vehicles in Vermont was revoked for cause by the commissioner on September 26, 1944; that on January 5, 1945, the respondent rode in an automobile driven by a licensed operator on the ice of Lake Champlain to a point about 70 feet straight out from the shore in the town of Shoreham; that the respondent then took the car himself and drove it to a certain fishing shanty 400 or 500 feet from the shore, thence across the lake to the New York shore and thence back to the place from which he started driving the car; that the respondent's license to operate motor vehicles had not then been restored or reinstated.

██ The Federal District Courts have been vested by Congress with jurisdiction of crimes punishable by Federal law committed on the navigable waters of the United States; but in taking cognizance in such cases, they act as courts of common law, not as admiralty courts, the reason being that the constitution guarantees a jury trial in criminal prosecutions and juries are unknown to general admiralty jurisprudence. 1 Am Jur Admiralty § 62; 14 Id. Crim. Law, § 222 p. 923. The United States Criminal Code provides for the punishment of crimes: "First. When committed upon the high seas, or any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular state, or when committed within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular state on board any vessel belonging in whole or in part to the United States or any citizen thereof, or to any corporation created etc." U. S. Crim. Code, Chap. 11, § 272, 18 USCA § 451. The limitation of the federal jurisdiction in criminal cases to "waters out of the jurisdiction of any particular state" occurs in prior enactments as early as the Act of April 30, 1790, which provided for the punishment of certain crimes "committed upon the high seas, or in any river, haven, basin or bay out of the jurisdiction of any particular state." 18 USCA § 481, note. That this limitation excludes the federal courts

from jurisdiction of offenses committed upon waters which are within the jurisdiction of one of the states of the Union is entirely clear and appears never to have been questioned. See *United States* v. *Bevans,* 3 Wheat. 336, 4 L Ed 404; *United States* v. *Rodgers,* 150 US 249, 265, 14 S Ct 109, 115, 37 L Ed 1071; *Wynne* v. *United States,* 217 US 234, 30 S Ct 447, 54 L Ed 748.

Generally speaking a state possesses jurisdiction and sovereignty coextensive with its boundaries. 49 Am Jur States § 24; *State* v. *Young,* 46 Vt 565, 569. It is found that the boundary line between the states of Vermont and New York follows the middle of the channel of Lake Champlain, and that opposite the Town of Shoreham this line is at least three eighths of a mile from the Vermont shore. It follows that the operation of the motor vehicle of which complaint is made occurred within the boundaries of the State of Vermont and the County of Addison. Nothing appears which deprives the Vermont courts of jurisdiction and the motion to dismiss is denied.

The court's finding to which the respondent excepted reads thus: "As a conclusion from the facts found and stated above the court finds that on the 5th day of January, 1945, that portion of the surface of Lake Champlain lying westerly of the town of Shoreham and easterly of the boundary line between New York and Vermont was not a place open temporarily or permanently to public and general circulation of vehicles." The last clause of the finding is in language used in P. L. 4986 which provides in part that in statutes relating to motor vehicles and enforcement of the law regulating vehicles, "highway", "road", "public highway" or "public road" shall include all parts of any bridge, culvert, roadway, street, square, fairground or other place open temporarily or permanently to public or general circulation of vehicles. The exception was upon the grounds that the finding is not inferable from the prior findings; that such prior findings make impossible the finding in question and compel the opposite finding, namely that the place referred to was a place open temporarily to the public and general circulation of vehicles; that the finding in question, being a conclusion from the prior facts found, is contrary to such facts.

Since the finding to which exception is taken is a conclusion it cannot stand if, as claimed, it is inconsistent with the findings upon which it is based. *Smith* v. *Vermont Marble Co.,* 99

Vt 384, 396, 133 A 355; *Dieter* v. *Scott,* 110 Vt 376, 383, 9 A2d 95; *Arcioz* v. *Pietrowski,* 268 Mass 140, 167 NE 298, 300. The prior findings of fact upon which the court based this conclusion were that on January 5, 1945, Lake Champlain was frozen over with ice thick enough to support fishing shanties, motor vehicles and other material objects thereon; that on and immediately before that date the ice of said lake was used by motor vehicles traveling thereon; that motor vehicles were used in connection with fishing on said lake and were also used by persons crossing from Shoreham to the New York shore; that there were no defined, marked or used roads, routes or paths on said lake but so far as appears the lake at that place was a uniform sheet of ice with nothing thereon except a few fishing shanties, a few persons attending the same and cars traveling on the surface of the ice.

Among definitions given by Webster's New International Dictionary of the adjective "open" are "not obstructed or clogged", "free to be entered, visited or used". We are not here concerned with the ingress from the shore to the lake, since the respondent's driving began and ended at a point about 70 feet off shore. The prior findings compel the inference that from that point at least the frozen surface of the lake was not obstructed and that it was free to be visited and used by motor vehicles generally; that is to say that it was a place open temporarily to public and general circulation of vehicles. The court's finding to the contrary, as a conclusion from the facts previously found, was erroneous.

The respondent contends that the findings do not justify a conviction because the frozen surface of the lake was not another place sufficiently like those previously enumerated in P. L. 4986 to be within the rule of ejusdem generis. The respondent took no exceptions to the findings but we take occasion to say that this contention is untenable.

█ █ It is a general rule of construction that when a particular class of persons or things is spoken of, and general words follow, the class first mentioned is to be taken as the most comprehensive, and the general words treated as referring to matters ejusdem generis with such class. *In re Barre Water Co.,* 62 Vt 27, 30, 20 A 109, 9 LRA 195. In that case the plaintiff was incorporated for the purpose of furnishing the town and its inhabitants with water for the extinguishment of fires, and for domestic, sanitary and other purposes, which was held to mean, applying the ejusdem

generis rule, other *public* purposes. But in the paragraph of P. L. 4986 to which we have referred the words "or other place" are followed by qualifying words which clearly indicate the character and extent of the similarity which such place must bear to the places previously enumerated. Like a bridge, culvert, roadway, street, square or fairground such other place must be one open temporarily or permanently to public or general circulation of vehicles. The findings show that the surface of the lake at that time was a place of that character, and there is no room for application of the rule of ejusdem generis.

With the ultimate finding expunged or so corrected as to be consistent with the findings upon which it is based the conclusion must be that the respondent is guilty.

*The State's exception is sustained, judgment that the respondent is guilty, and cause remanded for sentence.*