STATE OF VERMONT *v.* KENT BROMLEY.

(88 A2d 833)

February Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 6, 1952.

*Witters, Longmoore & Akley* and *Wilson & Keyser* for the respondent.

*Stanley L. Chamberlin,* State's Attorney, for the State.

CLEARY, J. The information charged the respondent with operating a motor vehicle "along a public highway, to wit, at a place open to the public and general circulation of vehicles, within a radius of about fifty feet westerly of the northwest corner of the Bradford Inn building in Bradford village, while under the influence of intoxicating liquor."

Trial was by jury with a verdict of guilty and judgment thereon. The case is here on the respondent's exceptions.

The offense took place in a parking area in front of the Bradford Inn when the respondent started to back his automobile and hit an automobile owned by one Munn. Munn had parked his automobile in the parking space to shop in nearby stores. The respondent had parked his automobile as a guest of the Bradford Inn. The parking area was owned by the proprietor of the Inn, next to but outside of the limits of Main Street in the village of Bradford. The respondent conceded that he was the operator of his automobile at the time alleged and that he was then under the influence of intoxicating liquor.

He excepted to the denial of his motion for a directed verdict of not guilty because of the failure of the State to prove that the alleged offense occurred on a public highway. V. S. 47, § 10,044, (VII) defines public highway to include "all parts of any bridge, culvert, roadway, street, square, fairground or other place open temporarily or permanently to public or general circulation of vehicles."

In passing upon the respondent's motion for a directed verdict the evidence must be taken in the light most favorable to the State. *State* v. *Legacy,* 116 Vt 320, 321, 75 A2d 668; *State* v. *Wilson,* 113 Vt 524, 526, 37 A2d 400; *State* v. *Schwarzchild,* 112 Vt 167, 169, 22 A2d 177; *State* v. *Boudreau,* 111 Vt 351, 360, 16 A2d 262; *State* v. *Rounds,* 104 Vt 442, 448, 160 A 249. Viewed in that light the jury could reasonably have found that the parking space bordered on the highway and both were hard surfaced; that the parking space had been used by the public for parking for about fifteen years; that cars parked there frequently; that there was

nothing to prevent anyone from parking there; that many people used the parking space who were not patrons of the Inn; that there was no discrimination as to who parked there; that the proprietor of the Inn allowed the public to park their vehicles in the parking space and that there were no barriers, curbs, signs or markings between the street and the parking place or around the place.

■ ■ The respondent argues that the place where the alleged offense occurred was private property and was not open to public or general circulation of vehicles because the public had no right to use the space. The primary object of the particular provisions of the statutes on which the prosecution is based is the protection of the public from injury to person or property by persons operating or attempting to operate motor vehicles while under the influence of intoxicating liquor or drugs on our highways, and, if it can fairly be done, the statutes must be so construed as to accomplish the purpose for which they were intended. *State* v. *Tacey*, 102 Vt 439, 442, 443, 150 A 68, 68 ALR 1353. The determining factor was not whether the place was private property and not whether the public had the right to use it but whether the place was on a public highway as defined by our statute, *State* v. *Hallock*, 114 Vt 292, 295 to 297, 44 A2d 326. Since there was substantial evidence fairly and reasonably tending to prove that the parking space, at the time of the alleged offense, was open to public and general circulation of vehicles the issue was for the jury and the respondent's motion was properly overruled. *Silveira* v. *Croft*, 116 Vt 420, 422, 77 A2d 911; *State* v. *Wilson*, 113 Vt 524, 526, 37 A2d 400.

■ ■ State Trooper Walker was a witness for the State and on direct examination was asked "Would you say this area or place where this accident occurred was open to the public?" and, over the objection and exception of the respondent that "This witness isn't qualified to pass upon that question," was allowed to answer "Yes, it is." The respondent's brief says nothing about whether Walker was qualified to pass upon the question. The respondent has briefed the exception on the grounds that it was improper to express an opinion upon a matter directly in issue, that the error was extremely prejudicial and harmful to the respondent and that the question was wholly immaterial to any issue in the case. These claims, made here for the first time, are not for consideration. *State* v. *Searles*, 108 Vt 236, 239, 184 A 701. Having specified the

ground of his objection, the defendant is bound thereby, even under V. S. 47, § 1628(1). *Lunnie* v. *Gadapee,* 116 Vt 261, 265, 73 A2d 312.

Walker and two other State witnesses were allowed to testify regarding the use by the public of the parking space in front of the Inn over the objection and under the exception of the respondent. The respondent briefs the exception on the ground that the use of the space by the public was immaterial without showing that it was at the invitation of the proprietor of the Inn. The issue was whether the parking space was open to public and general circulation of vehicles, whether by invitation or otherwise, so the use of the space made by the public was material and the exception does not avail the respondent.

The respondent also excepted to the argument to the jury by the State's attorney that the proprietor of the Inn acquiesced in permitting people to park or circulate vehicles in the parking space because he claims no amount of mere acquiescence is sufficient to create a place open to the public. The respondent also excepted to the failure of the court to charge "that neither knowledge, silence, acquiescence, nor permission, standing alone, amounts to an invitation to the public for temporary or permanent circulation of vehicles." From what appears *supra* it is clear that these exceptions are of no avail. There was evidence that the proprietor of the Inn acquiesced in permitting people to park or circulate vehicles in the parking space; an invitation by him was unnecessary under the circumstances shown by the evidence. *Judgment affirmed.*