### State of Vermont v. Albert G. Hodgdon

(99 A2d 615)

May Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed October 6, 1953.

*Everett* L. *Hathorn* for the respondent.

*Lewis E. Springer*, State's Attorney, for the State.

**Chase, J.** The respondent was found guilty of rape by a jury at the June Term, 1952, of the Windsor County Court. At the close of the evidence the respondent moved for a directed verdict of not guilty on two grounds:

1. "that the evidence, taken in the light most favorable to the State, does not measure up to be of such quality and such character in substance which is necessary to fairly and reasonably enable the jury to find beyond a reasonable doubt that the respondent is guilty of the crime of rape," and

2. "that the evidence, taken in the light most favorable to the State, shows beyond a reasonable doubt that the prosecutrix did not do her utmost or put up such resistance of which she was capable, to prevent and foil the attack."

The motion for a directed verdict was denied and exceptions allowed the respondent on the grounds stated. The case is here on these exceptions.

The respondent has briefed only the second ground of his motion. The first ground of his motion is, therefore, waived. *Little* v. *Loud*, 112 Vt 299, 301, 23 A2d 628.

In passing upon this motion the evidence must be taken in the light most favorable to the State. *State* v. *Bromley*, 117 Vt 228, 229, 88 A2d 833. Viewed in that light the jury could have reasonably found that the respondent was 24 years old, married and weighed 195 pounds; that the complaining witness was 17 years old, unmarried and weighed 98 pounds; that two or three weeks prior to March 5, 1952, the respondent and his brother came into the restaurant where the

complaining witness was working and tried to date her unsuccessfully; that around 11:00 P.M. on March 5, 1952, the respondent came into the restaurant and suggested to the complaining witness that they go out and 'paint the town red' and she refused; that he waited outside the restaurant until she came out and started to walk home and then called her by name; that she did not know who had called but as the car door was opened she stepped off the curb to find out; that the respondent asked her to go for a ride and when she declined reached out, took hold of her and pulled her into his car; that the respondent asked her where she lived and drove toward the place she had told him she lived; that he did not stop at her home in spite of her requests but drove out on the County Road, so-called, and stopped; that another car came up behind them and stopped so the respondent drove further, turned around and stopped again; that the respondent slid over to the complaining witness' side of the seat and began making improper advances by putting his hands on parts of her body in such a manner that his carnal desire was evident; that she objected, tried to fight him and push him away but was unsuccessful because of his greater size and strength; that her resistance made him mad and he told her she "might just as well relax because it wasn't going to do her any good;" that she continued to try to push him away and told him she was menstruating; that he became mad and "awful ugly," grabbed her by the throat and choked her until she became dizzy; that she became frightened and was afraid of further bodily harm; that it became necessary for her to stop fighting in order to get the respondent to stop choking her; that she was afraid for her life and ceased further resistance; that the respondent forced her to get into the back seat, pushed her, made her lay on the seat and ravished her; that he then drove his car to within a short distance of her home, stopped and let her out; that she ran into the house, woke up her sister and after some little time she stopped her crying sufficiently to tell her sister what had happened.

Rape is the carnal knowledge of a woman by force and against her will. *State* v. *Jewett*, 109 Vt 73, 76, 192 A 7.

The respondent admitted his carnal knowledge of the complaining witness but denied the use of force by himself and any resistance by the complaining witness.

No case has been called to our attention where this Court has established the degree or extent of resistance necessary to constitute rape whatever the law elsewhere. We refuse to adopt the rule of "resistance to the utmost" as urged by the respondent. See *State* v. *Esposito*, 122 Conn 604, 191 A 341, 342.

For the purposes of this case we adopt the rule as stated in 75 CJS, par. 12 c, page 475.

■ "To constitute carnal knowledge of a female rape, there must be actual resistance, or excuse, incompatible with consent, for its absence. As a general rule the resistance must be proportioned to the outrage, and the amount of resistance required necessarily depends on the circumstances, such as the relative strength of the parties, the age and condition of the female, the uselessness of resistance, and the degree of force manifested."

■ Applying this rule there was evidence which, as we have seen, fairly and reasonably tended to show that the act of intercourse, admitted by the respondent, was by force and without the consent of the complaining witness. It was for the jury to say whether this evidence was of sufficient strength to exclude a reasonable doubt of guilt. *State* v. *Lizotte*, 109 Vt 378, 388, 197 A 396. *State* v. *Schwarzchild*, 112 Vt 167, 169, 22 A2d 177. *State* v. *Wilson*, 113 Vt 524, 529, 37 A2d 400.

There was no error in denying the motion for a directed verdict.

The respondent has cited *State* v. *Hartigan*, 32 Vt 607, as authority for his position in this case. In that case the respondent was charged with rape and with assault with intent to commit rape. He was acquitted by the jury of the rape charge and found guilty of the other charge. The only point passed on in the Hartigan case dealt with the charge of the court with respect to an assault with intent to commit rape. It does not sustain the position of the respondent here.

*Exceptions overruled and judgment affirmed. Let execution be done.*