## State of Vermont v. Gregory J. Jarvis

[482 A.2d 65]

No. 82-492

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed August 10, 1984

*John J. Easton, Jr.,* Attorney General, *Robert V. Simpson, Jr.,* Assistant Attorney General, and *Ronald F. Buen, Jr.,* Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *Robert M. Fairbanks,* Montpelier, for Defendant-Appellant.

**Underwood, J.** Defendant appeals his conviction, after trial by jury, of the offenses of operating a motor vehicle while under the influence of intoxicating liquor (D.U.I.), 23 V.S.A. § 1201(a)(2), and of operating a motor vehicle while his license or right to so operate was under suspension (D.L.S.), 23 V.S.A. § 674. Both offenses were alleged to have occurred in the parking lot of a restaurant, known as the Rusty Nail, in Stowe, Vermont.

The defendant moved for judgment of acquittal at the close of the State's case. He offered no evidence in his own behalf and renewed his motion for a judgment of acquittal. After conviction he also moved for a new trial. All of the motions were predicated on the ground that the State had failed to prove, in either instance, that he had been operating a motor vehicle on a "highway." The motions were denied and defendant timely appealed the judgment on the verdict.

The transcript of the trial was completed on November 2, 1982, and defendant's brief was filed September 23, 1983. On May 18, 1984, defendant filed a motion in our Court requesting that we reverse the judgment below and remand the case for a new trial, on the grounds (1) that the transcript of the trial

was grossly inadequate; and (2) that trial counsel have been unable to reconstruct the record to assure the defendant of a fair review of his case. We took the motion under advisement agreeing to rule upon it after hearing the oral arguments on the merits of defendant's appeal. Although defendant alleged, in oral argument of his motion, that the issues raised in his brief on appeal would be affected by the alleged omissions in the transcript, we have no difficulty in deciding the legal issues presented to us in this appeal upon the record before us. Therefore defendant's motion to reverse and remand is denied.

We now proceed to the merits of the appeal. Defendant raises three claims of error for our consideration. First, he claims that the State failed to prove, beyond a reasonable doubt, as an integral element of the offense of D.U.I., that he was operating a motor vehicle "on a highway," or as an integral element of the offense of D.L.S., that he was operating a motor vehicle "on a public highway." Second, he argues that he never possessed a valid operator's license; therefore he could not be convicted of D.L.S. Lastly, defendant alleges that the court erroneously admitted evidence that the same vehicle in which defendant was apprehended in the parking lot had been operated in an erratic manner some fourteen minutes earlier on a highway 1.9 miles from the parking lot. Alternatively, he asserts that once the court admitted such irrelevant evidence it further erred by refusing defendant's request to give an instruction to the jury limiting the use of such evidence to the particular offenses with which he was charged, which allegedly occurred in the Rusty Nail parking lot.

The facts needed for a determination of the issues on this appeal are not seriously in dispute. About 10:00 o'clock on the evening of September 25, 1981, a blue Volkswagen was seen operating in an erratic manner on Route 100. The witness, who immediately reported the incident at the Stowe police station, was not able to identify the driver but did furnish the police with the Vermont license number. Approximately fifteen minutes later the investigating officer observed a blue Volkswagen of the same description in the parking lot of the Rusty Nail. As he approached, he could observe that it bore the same Vermont license number as had been reported to the police earlier. The car was rolling to a stop near the parking lot exit to Route 108. Defendant was seated behind the steering

wheel and the key was in the ignition, and a female passenger was seated in the front seat with him. When approached by the officer, defendant insisted he was not driving on the highway, but the officer informed him that the parking lot was open to the general circulation of the public and therefore constituted a public highway. The officer processed defendant for D.U.I., and the breath test showed he had a blood alcohol content of .13 percent.

The D.U.I. statute under which the defendant was charged made operation "on a highway" an essential element of the offense:

> A person shall not operate, attempt to operate, or be in actual physical control of any vehicle *on a highway* while: under the influence of intoxicating liquor.

23 V.S.A. § 1201(a)(2). (Emphasis added.) The D.L.S. statute under which the defendant was charged made operation "upon a public highway" an essential element of that offense:

> A person whose license or whose right to operate a motor vehicle has been . . . suspended . . . by the commissioner of motor vehicles shall not operate or attempt to operate a motor vehicle *upon a public highway* . . . .

23 V.S.A. § 674(a). (Emphasis added.)

The legislature did not define "a highway" in the context of the D.U.I. statute or "a public highway" in the context of the D.L.S. statute. However under Title 23 (Motor Vehicles), chapter 1 (General Provisions), it specifically provides that in those statutes in Title 23 relating to motor vehicles and the enforcement of the law regulating motor vehicles, such as § 1201(a)(2) and § 674(a), "highway" and "public highway" are defined as including all parts of any roadway or street, as well as "other place[s] open temporarily or permanently to public or general circulation of vehicles." 23 V.S.A. §§ 4 and 4(13).

Although defendant argues that there was no evidence that the Rusty Nail parking lot was open to the public other than the arresting officer's opinion to that effect, the record does not bear him out. The arresting officer, on two separate occasions, stated that in his opinion the parking lot was open to the general circulation of the public, and there is ample

factual foundation for his opinion. There was evidence that the Rusty Nail is located on Vermont Route 108; that three cars at one time could drive in the wide entrance of its parking lot from Route 108; and that the driveway entrance is fifteen to twenty feet long before it opens into the parking lot. The officer went on to describe how the parking lot itself accommodates six or seven rows of cars. We conclude therefore that the State met its burden of proof that the defendant, at the time of the stop by the officer, was operating a motor vehicle upon a public highway, as contemplated by 23 V.S.A. § 1201(a)(2), 23 V.S.A. § 674 and 23 V.S.A. § 4(13). The court correctly charged the jury on the definition of "highway" and "public highway." 23 V.S.A. §§ 4 and 4(13).

Defendant next contends that he could not lawfully be convicted of D.L.S. under 23 V.S.A. § 674 because he had never possessed a driving license. He relies on *State* v. *Cady*, 136 Vt. 29, 383 A.2d 607 (1978), wherein we held that a person who had never possessed a driver's license could not be prosecuted under 23 V.S.A. § 674 for driving with license suspended, because there was nothing for anyone to suspend. We said the obvious offense under the circumstances was operating without a license. Since that decision was rendered, however, the legislature indirectly amended 23 V.S.A. § 674 by amending 23 V.S.A. § 4 and thus eliminated a *Cady* defense. The amendment, effective April 15, 1980, expanded the definition of "license to operate" as that term was used in 23 V.S.A. § 674 to include "privilege to operate." A new definition was added to 23 V.S.A. § 4; subsection (48) provides that:

> "License to operate a motor vehicle." Any operator's license or any other license or permit to operate a motor vehicle issued under, or granted by, the laws of this state including:
>
> . . . .
>
> (2) *The privilege of any person to operate a motor vehicle whether or not such person holds a valid license* . . . .

23 V.S.A. § 4(48) (emphasis added). We are satisfied that the legislature intended to overrule *Cady* and did overrule *Cady* with its amendment to 23 V.S.A. § 674 and 23 V.S.A. § 4.

We agree with the defendant that the court erred in

admitting the testimony of the witness who could not identify the driver but who observed a blue Volkswagen operating in an erratic manner some fifteen minutes earlier on an open highway about two miles from the Rusty Nail parking lot. It was irrelevant, had no probative value, and was therefore inadmissible. See V.R.E. 401 and 402. However, since the defendant was not identified as the operator, and the police officer testified that he thought the defendant's female passenger was the operator at that time, it is harmless error. V.R.Cr.P. 52(a). The burden of demonstrating prejudice sufficient to overturn the jury's verdict is on the defendant, and this he has failed to do. *State* v. *Baldwin,* 140 Vt. 501, 514, 438 A.2d 1135, 1142 (1981) ; see also *State* v. *Wetherby,* 142 Vt. 248, 250, 453 A.2d 1124, 1125 (1982).

Defendant's last and alternative claim of error is based on the court's failure to give a limiting instruction to the jury in its final charge, as requested by the defendant, cautioning them that the evidence of the prior erratic operation of the Volkswagen on the open highway could not be used by the State to meet its burden of proof that defendant was driving the blue Volkswagen in the Rusty Nail parking lot while under the influence of intoxicating liquor and while his license was under suspension. Defendant relies on *State* v. *Coomer,* 105 Vt. 175, 163 A. 585 (1933), on this issue to support his request for a reversal and remand for a new trial.

His reliance on *Coomer* is misplaced. In *Coomer* the State offered evidence of two separate instances on the same day of the defendant driving while under the influence of intoxicating liquor, yet only charged the defendant with one offense. We held under those circumstances that the State should be compelled to make an election in time to give the defendant an opportunity to make his defense. *Id.* at 178, 163 A. at 587. We further commented that even if the State might have been able to prove that the two acts were so related as to constitute a single and entire transaction, it never did. *Id.* at 179, 163 A. at 587:

There is no showing in the case at bar that the State claimed the incident on the open highway and the incident in the parking lot were one single transaction. On the contrary, the State's evidence showed two separate acts—one in which

the same car was seen being operated in an erratic manner by an *unknown* driver and another when the defendant was clearly identified as the driver. Although the court failed to give the limiting instruction to the jury as the defendant requested, upon reading the charge as a whole it is clear to us that the judge's instructions defining "operation," "highway" and "public highway" were specifically directed to the operation of a motor vehicle by the defendant in the Rusty Nail parking lot, and not to any alleged unlawful operation of the same motor vehicle by the defendant on the open highway, at another time and place, on the same evening.

*Affirmed.*