## State of Vermont v. Everett C. Bailey, Jr.

[546 A.2d 786]

No. 87-028

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney C.J. (Ret.), Specially Assigned

Opinion Filed April 8, 1988

*Kurt M. Hughes*, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Blais, Cain, Keller & Fowler, Inc.*, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction, after a trial by court, of the offense of driving while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). We affirm.

Early one morning, a state police officer patrolling Interstate 89 came upon defendant attempting to extricate his vehicle from a snowbank. The vehicle's two left tires were on the paved surface of the breakdown lane, while the other two tires were embedded in the snowbank. Defendant raises two issues on appeal. First, he contends that the evidence did not support the trial court's conclusion that the area where his vehicle was found—i.e., the breakdown lane of Interstate 89—was part of a public highway. Second, defendant contends that the State failed to meet its burden of proof that defendant had operated his vehicle on a public highway in violation of 23 V.S.A. § 1201.

This Court has liberally interpreted the meaning of the term "highway" as employed in § 1201 to include a gravel rest area immediately adjacent to the traveled portion of a state highway, *State* v. *Trucott*, 145 Vt. 274, 283, 487 A.2d 149, 155 (1984), a parking lot accessible to the public, *State* v. *Jarvis*, 145 Vt. 8, 13,

482 A.2d 65, 68 (1984), and even the frozen surface of a lake, *State* v. *Hallock*, 114 Vt. 292, 297, 44 A.2d 326, 328 (1945). See also 23 V.S.A. § 4(13) ("Highway" is defined as including "all parts of any . . . roadway,* street, . . . or other place open temporarily or permanently to public or general circulation of vehicles . . . ."). In light of these past determinations, we have no hesitancy in concluding that the area in which defendant's vehicle was found comes within the meaning of the term "highway" as employed in § 1201.

With respect to defendant's second issue, viewing the evidence in the light most favorable to the State, *State* v. *Tenney*, 143 Vt. 213, 216, 464 A.2d 747, 748 (1983), we find the evidence sufficient to convince a reasonable trier of fact that defendant is guilty, beyond a reasonable doubt, of operating a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2).

*Affirmed.*

---

* "Roadway" is defined in 23 V.S.A. § 4(32) as "that portion of a highway improved, designed or ordinarily used for vehicular traffic, exclusive of the shoulder." Since a roadway is only a "portion of a highway," the fact that this definition excludes the shoulder is of no avail to the defendant's cause.