## State of Vermont v. Randy L. Paquette

[563 A.2d 632]

No. 87-116

Present: **Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 16, 1989

*Jeffrey L. Amestoy, Attorney General,* and *Susan R. Harritt, Assistant Attorney General,* Montpelier, for Plaintiff-Appellee.

*Walter M. Morris. Jr., Defender General,* and *William A. Nelson, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant, Randy Paquette, from his conviction of operating a motor vehicle while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). At trial defendant moved to suppress the evidence, questioning the constitutionality of the investigatory stop which led to his conviction. He also moved for judgment of acquittal based on the private ownership of the road on which he had been driving prior to his arrest. The trial court denied these motions. We affirm.

At approximately 11:35 p.m. on July 11, 1986, Colchester Police Officer James Penniman arrived at the end of Young Road, in the town of Colchester, Vermont, to investigate a complaint of a disturbance. Upon Officer Penniman's arrival, the complainant ex-

plained that a car had been in her driveway spinning its tires and causing ruts.

Immediately after observing the ruts and spin marks in the driveway, Officer Penniman heard an engine racing. Looking down Young Road, he saw a vehicle with its headlights on, accelerating rapidly toward the end of the road. It came within 120 feet of Officer Penniman's police cruiser, its headlights illuminating the cruiser. The vehicle then stopped, backed up, and turned off the road onto a grassy field.

Officer Penniman pursued the car across the field, where it stopped in the dooryard of defendant's home. He observed defendant exit his car. The defendant appeared to Officer Penniman to be intoxicated. A breath test given to defendant indicated a blood alcohol content of .13%. After being read his Miranda rights, defendant admitted to being drunk. Officer Penniman arrested him for operating a motor vehicle while under the influence of intoxicating liquor.

At the ensuing bench trial, defendant moved to suppress the evidence obtained at the time of his arrest, including the breath test. That motion and a motion for judgment of acquittal were denied. The parties then stipulated to facts sufficient to prove the elements of the offense, with the exception of the "open and public" nature of the highway. Defendant was convicted and fined.

Defendant presents three issues on appeal. The first is that Young Road, a privately owned driveway providing access to three residences, is not "open . . . to public or general circulation of vehicles" as required by 23 V.S.A. § 4(13) and § 1201(a)(2). Second, defendant argues that Officer Penniman's decision to stop the defendant's vehicle was not supported by reasonable and articulable suspicion. Third, defendant contends that, because he was only suspected of an already-completed misdemeanor, his seizure by Officer Penniman violated both the Vermont Constitution and the United States Constitution. We discuss these issues seriatim.

## I.

Defendant stipulated at trial that he was driving under the influence of intoxicating liquor. He argues, however, that because the State's evidence in this case failed to show that the defendant

operated a vehicle on a public "highway," the judgment of conviction should be vacated and a judgment of acquittal entered.

█ Defendant was charged under 23 V.S.A. § 1201(a)(2), which states:

> (a) A person shall not operate, attempt to operate, or be in actual physical control of any vehicle *on a highway* while:
>
>  . . . .
>
> (2) Under the influence of intoxicating liquor . . . .

(Emphasis added). "Highway" is defined to include:

> all parts of any bridge, culvert, roadway, street, square, fairground or other place open temporarily or permanently to public or general circulation of vehicles, and shall include a way laid out under authority of law.

23 V.S.A. § 4(13). Under this definition we need only determine whether Young Road is "open . . . to public or general circulation of vehicles." Defendant urges our consideration of the private ownership of the road, and the "exclusion" of the public indicated by "no trespassing" and "private drive" signs, and contends that, in light of these facts, the State does not meet its burden of proof of this element of the crime. The ownership of the road and legal right of vehicle operators to be on it are not, however, the basis of the "highway" element of the law under which defendant is prosecuted.

In *State* v. *Bromley,* 117 Vt. 228, 88 A.2d 833 (1952), the defendant appealed a conviction for driving under the influence of intoxicating liquor, arguing that the parking area where the offense took place was not proved by the State to be a public highway. There the Court noted that "[t]he primary object of the particular provisions of the statutes on which the prosecution is based is the protection of the public from injury to person or property by persons operating or attempting to operate motor vehicles while under the influence of intoxicating liquor . . . ." *Id.* at 230, 88 A.2d at 835. The Court held that "[t]he determining factor was not whether the place was private property and not whether the public had the right to use it but whether the place was on a public highway as defined by our statute." *Id.*

"Examined in its entirety, [23 V.S.A.] § 4(13) is extremely broad." *State* v. *Trucott,* 145 Vt. 274, 283, 487 A.2d 149, 154

(1984). The key is not *"ownership* of the highway but whether it is open to the general circulation of the public." *Id.* (Emphasis in original). Here the trial court found that "Young Road was, in fact, open to the public and the general circulation of vehicles." This finding was based on evidence that the road was maintained and plowed by the town of Colchester and provided secondary access to a convenience store and Malletts Bay Grade School. Moreover, in arguing the motion to suppress, defendant concedes that the road was open to "the general circulation of traffic." The standard of review which we apply is whether, viewing the evidence in the light most favorable to the State, "the evidence . . . is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." *State* v. *Taylor,* 145 Vt. 437, 441-42, 491 A.2d 1034, 1036 (1985). The evidence of the private ownership of the road is not persuasive under the precedents cited above. The trial court properly weighed the evidence and found it sufficient to convict the defendant, especially in light of the broad interpretation of "highway" recognized in previous decisions and intended by the Legislature. The conclusion that defendant operated his vehicle on a road that was within the statutory definition of "highway" is upheld.

## II.

The defendant claims that his evasive driving after seeing a police cruiser did not, in itself, give rise to the reasonable and articulable suspicion necessary for Officer Penniman's seizure of the defendant. "In order to make a valid stop to investigate suspected criminal activity, 'the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion.' " *State* v. *Kettlewell,* 149 Vt. 331, 334, 554 A.2d 591, 593 (1987) (quoting *Terry* v. *Ohio,* 392 U.S. 1, 21 (1968) (footnote omitted)).

■ Initially, we must determine that a seizure did, in fact, occur. "A *Terry* seizure occurs when 'the circumstances of the encounter are so intimidating as to demonstrate that a reasonable person would have believed he was not free to leave if he had not responded . . . .' " *Id.* at 335, 554 A.2d at 593 (quoting *INS* v. *Delgado,* 466 U.S. 210, 216 (1984)). Officer Penniman pursued the defendant across a field and to the dooryard of his home. It is reasonable to assume that Officer Penniman pursued the defend-

ant for a purpose and that he would not have allowed the defendant to leave if he had not responded to Officer Penniman's queries.

The next inquiry focuses on whether Officer Penniman's actions were based on justifiable suspicions. "In attempting to determine whether a stop is justified, 'the totality of the circumstances — the whole picture — must be taken into account.'" *State* v. *Lambert*, 146 Vt. 142, 143-44, 499 A.2d 761, 763 (1985) (quoting *United States* v. *Cortez*, 449 U.S. 411, 417 (1981)). As previously stated, a suspicion must be reasonably related to "specific and articulable facts . . . , taken together with rational inferences." *Id.* at 143, 499 A.2d at 762.

In *Lambert*, the identity of defendant and the suspected violation, drunken driving, were known, but no suspicious activity was observed. The information known by the police officer was sufficient, however, to give him cause to intrude upon the defendant in order to investigate. *Id.*

Here, the officer saw evidence of obstreperous or destructive operation of a vehicle in both complainant's driveway and in the neighbor's roadway. Moments later, defendant accelerated up the gravel road, with speed enough to cause the officer to take note of the car, its racing engine, and to surmise that this driver may have been the perpetrator. The vehicle quickly reversed direction, taking a cross-country path through a field. These facts reasonably led to the officer's suspicion of defendant. The circumstances were sufficient to cause the officer to follow defendant, if only to make a brief inquiry. Compare *State* v. *Emilo*, 144 Vt. 477, 479 A.2d 169 (1984) (clearly illegal stop, without articulable suspicion). Once stopped, defendant's behavior gave rise to probable cause for the arrest. See *State* v. *Gray*, 150 Vt. 184, 189, 552 A.2d 1190, 1193 (1988) ("escalating" circumstances justified further restraints and led to probable cause for arrest).

Defendant would have us view the facts as though the stop was based solely on the officer's perception of defendant's flight from the police cruiser. Vermont follows federal law in which seizure based on flight alone is a constitutional violation. *Emilo*, 144 Vt. at 483-84, 479 A.2d at 172-73. But see *Michigan* v. *Chesternut*, 486 U.S. 567, 576, 108 S. Ct. 1975, 1981 (1988) (pursuit of fleeing defendant did not constitute seizure). Given the facts characterized above, however, this is not a case like *Emilo* where the officer's stop was based on no more than a hunch.

## III.

The final issue raised by the defendant is that neither the Fourth Amendment to the United States Constitution nor Chapter 1, Article 11 of the Vermont Constitution permits the seizure, on less than probable cause, of a person suspected of an already-completed misdemeanor. Defendant would have us distinguish between the public interest which justifies a stop to investigate a previously-committed felony, and the public interest in a stop to investigate this minor misdemeanor. See *United States* v. *Hensley*, 469 U.S. 221, 229 (1985) (*Terry* stops permissible for investigation of past "felonies or crimes involving a threat to public safety").

"This claim was not raised before the trial court except by the passing mention" in the motion to suppress. *State* v. *Kettlewell*, 149 Vt. at 334 n.1, 544 A.2d at 593 n.1. The issue is not, as the defendant argues, that the stop was subsequent to a completed misdemeanor and therefore unconstitutional, but whether the "law enforcement interests at stake in these circumstances outweigh the individual's interest to be free of a stop and detention . . . ." *Hensley,* 469 U.S. at 229. This balance of interests was not presented to the trial court for consideration. "[A]bsent a showing of extraordinary circumstances, we would not address an issue on appeal, not properly raised and argued below." *State* v. *Hunt,* 150 Vt. 483, 495, 555 A.2d 369, 377 (1988); see also *State* v. *Maguire,* 146 Vt. 49, 54, 498 A.2d 1028, 1031 (1985); *State* v. *Mecier,* 145 Vt. 173, 178-79, 488 A.2d 737, 741 (1984). This Court finds no extraordinary circumstances that would warrant review of this issue.

*Affirmed.*