### STATE of Vermont v. Dennis ECKHARDT

[686 A.2d 104]

No. 95-484

August 27, 1996. Defendant appeals from a judgment ordering civil suspension of his license, claiming that the trial court erred in concluding that a driveway serving a single residence constitutes a "highway" within the meaning of 23 V.S.A. § 1201(a)(2).[1] We affirm.

On March 10, 1995, Vermont State Trooper Michael Macarilla observed a car speeding and followed it into defendant's driveway. While Trooper Macarilla was questioning the driver, defendant drove up and parked. Defendant got out, and Trooper Macarilla, observing indications of intoxication, processed defendant for DUI.

After a bench trial, the court found that defendant had been driven home by a friend to the "top of the driveway," that the friend got out, and that defendant drove to the garage and parked. The court, concluding that the private driveway constitutes a "public highway" under 23 V.S.A. § 4(13)[2], ordered defendant's license suspended. On appeal, defendant argues that the trial court erred in holding that a private driveway falls within the definition of a public highway for the purposes of Vermont's DUI statute.

"The primary object of the [DUI statute] is the protection of the public from injury to person or property by persons operating or attempting to operate motor vehicles while under the influence of intoxicating liquor . . . ." *State v. Bromley*, 117 Vt. 228, 230, 88 A.2d 833, 835 (1952); see also *State v. Paquette*, 151 Vt. 631, 633, 563 A.2d 632, 635 (1989). With this purpose in mind, and as evidenced by substantial precedent, the word "highway" in 23 V.S.A. § 1201 has been given a broad construction. *State v. McNeil*, 164 Vt. 129, 131, 665 A.2d 51, 53 (1995); *State v. Trucott*, 145 Vt. 274, 283, 487 A.2d 149, 154 (1984) ("Examined in its entirety, [23 V.S.A.] § 4(13) is extremely broad."). In determining what qualifies as a public highway, the key question is whether the way is open to the general circulation of the public. *Trucott*, 145 Vt. at 283, 487 A.2d at 155. Thus, we have held that the surface of a frozen lake, *Bourgon v. Farm Bureau Mut. Ins. Co.*, 128 Vt. 593, 595, 270 A.2d 151, 153 (1970), the "pull-off" area of a public highway, *Trucott*, 145 Vt. at 283-84, 487 A.2d at 155, and a large restaurant parking lot with unrestricted

---

[1] 23 V.S.A. § 1201(a)(2) states, "A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway . . . when the person is under the influence of intoxicating liquor . . . ."

[2] 23 V.S.A. § 4(13) states, "'Highway,' 'road,' 'public highway' or 'public road' shall include all parts of any bridge, culvert, roadway, street, square, fairground or other place open temporarily or permanently to public or general circulation of vehicles, and shall include a way laid out under authority of law . . . ."

public access, *State v. Jarvis*, 145 Vt. 8, 13, 482 A.2d 65, 68 (1984), all constitute public roads or highways under § 4(13).

Here, we are asked to decide whether a private driveway to a single residence, with no markings or barriers that restrict access, is a public highway. Relying on *McNeil*, 164 Vt. at 131, 665 A.2d at 51, defendant asserts that his driveway is closed to the general public. In *McNeil*, a parking lot used primarily by employees was surrounded by a chain link fence, had a narrow opening to the street and was posted with a "no trespassing" sign. We found that these characteristics sent an unequivocal message to the general public of "no trespassing," and concluded that the lot was not a public highway for purposes of § 4(13). *Id.* at 133, 665 A.2d at 53. Here, in contrast, defendant offered no evidence that public access to his driveway was restricted in any way.

Ownership of the way is not controlling in defining what constitutes a public highway. *Trucott*, 145 Vt. at 283, 487 A.2d at 155. Nor is the determining factor whether the public has a right to use the way. *Bromley*, 117 Vt. at 230, 88 A.2d at 835. Instead, as noted above, the salient question is whether the way is "open temporarily or permanently to public or general circulation of vehicles." 23 V.S.A. § 4(13).

As the trial court found, defendant's driveway "is just like that of every other driveway in the city of Rutland. It is open to anyone who wants to drive in it, and there is no restriction whatsoever." Delivery and service vehicles regularly use driveways for unannounced visits to the owner's home. Driveways' confluence with roads and highways make them convenient pull-off and turnaround areas. It is not uncommon for a stranger to approach a home via a driveway to ask for directions, rather than hail the occupant from the road.

Driveways, as we have previously acknowledged, are only semi-private. *State v. Pike*, 143 Vt. 283, 287, 465 A.2d 1348, 1351 (1983). "'In the course of urban life, we have come to expect various members of the public to enter upon such a driveway, e.g., brush salesmen, newspaper boys, postmen, Girl Scout cookie sellers, distressed motorists, neighbors, friends.'" *Id.* at 287-88, 465 A.2d at 1351 (quoting *State v. Corbett*, 510 P.2d 487, 490 (Or. App. Ct. 1973)). Defendant's driveway, like most driveways in Vermont, is open to the general circulation of vehicles, and, in keeping with the objective of protecting the public from injury, thus constitutes a public highway under 23 V.S.A. § 4(13) for the purposes of Vermont's DUI statute.

The dissent argues that driveways fall outside the scope of 23 V.S.A. § 4(13) because of their limited and infrequent use by the public. We have never predicated application of the term upon these conditions, and refuse to do so now. Prior cases looked only to whether gates, signs, or a legal right existed to exclude the general public from driving a vehicle into the way at issue. As noted above, defendant's driveway exhibited none of these characteristics. Nor does today's decision create new rights in the public to use a private driveway; rather, it simply recognizes a driveway's typical use, and extends the protection of the DUI statute to that portion of geography from which the public has not been denied access. Moreover, the dissent's "warning" to the public is unfounded. Outside the DUI context, the term "highway" remains unmodified by case law. Our expansive definition of the word "highway" for the purposes of the DUI statute has a clearly stated purpose: to provide the broadest possible protection to the public from the menace of drunk drivers. Law enforcement officers should not have to wait until drunk drivers are in traffic on the highway to make a DUI stop.

*Affirmed.*

**Johnson, J.,** dissenting. Vermonters beware! Have you ever left a car with a broken headlight sitting in your highway (excuse me, driveway) overnight? Have you ever moved an unregistered or uninsured car or trailer from one part of the driveway to another, or moved your car into the garage without putting on a seat belt? After today's decision, these are all motor vehicle violations, punishable by fines of up to $100.00. See 23 V.S.A. § 1243(a) ("A motor vehicle . . . *in use or at rest on a highway* . . . during the period from 30 minutes after sunset to 30 minutes before sunrise, shall also be equipped with at least two lighted head lamps . . . .") (emphasis added); *id.* § 301 ("A person shall not operate a motor vehicle nor draw a trailer . . . on any *highway* unless such vehicle is registered . . . .") (emphasis added); *id.* § 800(a) ("No owner or operator of a motor vehicle . . . shall operate or permit the operation of the vehicle upon the *highways* of the state without having in effect an automobile liability policy . . . . .") (emphasis added); *id.* § 1259(a) ("The operator of a motor vehicle shall be subject to a penalty . . . if any person . . . is not restrained by the safety belt system while the motor vehicle is in motion on a public *highway*.") (emphasis added). A reminder to sports fans: remove those "Red Sox Fan Parking Only" signs from your garage doors. See *id.* § 1027(a) ("No person shall place, maintain or display *upon or in view of any highway* any unauthorized sign . . . which is an imitation of or resembles an official traffic-control device . . . .") (emphasis added). And don't forget to yield to cattle, sheep, or goats being herded across your driveway. See *id.* § 1127(b) ("The operator of a motor vehicle shall yield to any cattle, sheep or goats which are being herded *on or across a highway*.") (emphasis added).

The majority concludes that a private, residential driveway is in fact a "highway" for purposes of the motor vehicle title. Specifically, the majority holds that the state may revoke defendant's license on the ground that he drove from the top of his driveway to his house while under the influence of intoxicating liquor. See 23 V.S.A. § 1201(a)(2). Defendant maintained, and the court found, that he had not driven on the road. A friend drove defendant and his truck to the top of the driveway and then left; defendant drove the rest of the way to the house. This behavior, according to the majority, violated § 1201(a)(2), which prohibits operating "any vehicle on a highway" while under the influence of intoxicating liquor.

The majority buries the statutory definition of "highway" in a footnote. In view of the extraordinary holding in this case, our citizens deserve to be fully apprised of the activities that can now be conducted on property that heretofore, in my opinion, every Vermonter believed to be private. 23 V.S.A. § 4(13) states:

> "Highway," "road," "public highway" or "public road" shall include all parts of any bridge, culvert, roadway, street, square, fairground or other place *open temporarily or permanently to public or general circulation of vehicles*, and shall include a way laid out under authority of law
> . . . .

(Emphasis added.) Vermonters will be unpleasantly surprised to learn that, according to this Court, perfect strangers may drive in and through their private driveways with impunity. The enjoyment of your home and lands should be greatly enhanced by the "general circulation" of the cars and trucks that may now travel freely on your driveway.

This decision not only flies in the face of common sense, it violates almost every canon of statutory construction that could be brought to bear in this case. Interpretation of this provision could begin and end with its plain language: the DUI

statute is explicitly limited to operation "of any vehicle *on a highway*," *id.* § 1201(a) (emphasis added), and highways are defined as places "open . . . to public or general circulation of vehicles." *Id.* § 4(13). I would agree that this provision is open to a broad construction; large parking lots open to the public, see *State v. Jarvis*, 145 Vt. 8, 13, 482 A.2d 65, 68 (1984), and a privately owned road that is maintained by the town and provides access to a school and a convenience store, see *State v. Paquette*, 151 Vt. 631, 634, 563 A.2d 632, 635 (1989), are without question "open . . . to . . . general circulation of vehicles." 23 V.S.A. § 4(13). Before today's decision, however, anyone who drives a vehicle would have recognized a difference between a regularly-travelled road or parking lot and a private driveway used by the residents of a single-family home and their guests and invitees. The restricted and infrequent traffic on a typical residential driveway does not permit the conclusion that such a driveway is a public highway open to the general circulation of vehicles.

The majority tries to obliterate this distinction by assuming "facts" about driveways, none of which appear in the record: that delivery vehicles pull in to them to make unannounced visits, travellers use them to pull off the road and turn around, and strangers drive up them to ask directions. This attempt to make private driveways seem as busy as interstates is unconvincing. Even assuming that we can and should take judicial notice of these "facts," on the whole they prove little. Granted, once in a while uninvited visitors trundle up a driveway, looking to make a sale or get directions or merely to turn around. But the statute defines "highway" as a place "open . . . to *public* or *general* circulation of vehicles," *id.* (emphasis added), not as a place that sees an occasional car. A private driveway is primarily used by residents and invited guests, and in fact receives very little

traffic of any kind. The majority cannot, and does not attempt to, justify the logical leap from "[d]riveways . . . are only semi-private," because they are used by some uninvited vehicles, to "driveway[s] . . . [are] open to the general circulation of vehicles." 165 Vt. at 607, 686 A.2d at 105.

Assuming, however, that the plain language is unclear, "[i]n construing [a] statute, our goal is to effect legislative intent." *State v. Galusha*, 164 Vt. 91, 92, 665 A.2d 595, 596 (1995). The majority makes no attempt to discern whether the Legislature intended to regulate vehicle operation on private driveways. Again, this is no surprise — the intent of the Legislature is obvious from the language of the statute, which governs operation of a vehicle "on a *highway*." 23 V.S.A. § 1201(a) (emphasis added). The Legislature was free to enact a statute of broader application, one that simply criminalized the operation of a motor vehicle under the influence of intoxicating liquor, without describing where the offense must be committed.[1] In states that have such laws, the courts have held that they proscribe conduct without limitation as to

_____
[1] The Legislature has done this in other sections of the motor vehicle code. For example, a license is required to operate a motor vehicle, not to operate a motor vehicle on a highway. 23 V.S.A. § 601(a) ("A resident who intends to operate motor vehicles shall procure a proper license so to do."). Obedience to law enforcement officers is also required, regardless of location. 23 V.S.A. § 1012(a) ("A person, while operating or in charge of a motor vehicle shall, upon request by an enforcement officer . . . give his or her name and address . . . . A person operating a motor vehicle shall promptly and carefully stop when signalled to stop by an enforcement officer . . . ."); see *State v. Sutphin*, 159 Vt. 9, 19, 614 A.2d 792, 798 (1992) (Johnson, J., dissenting) (defendant's attention to police officer's requests implicitly, if not explicitly, compelled by statute).

location. See, e.g., *State v. Miller*, 204 N.W.2d 834, 837 (Iowa 1973) (statute penalizing operating motor vehicle under influence of alcoholic beverages not limited to operation on public highway); *State v. Allen*, 431 S.E.2d 563, 564 (S.C. 1993) (same); cf. *State v. Magner*, 376 A.2d 1333, 1333-34 (N.J. Super. Ct. App. Div. 1977) (failure of legislature to include language limiting offense to public streets and highways indicates that intent to deal with drunken driving irrespective of where it takes place). In Vermont the Legislature chose to penalize drunk driving only in "place[s] open . . . to public or general circulation of vehicles." 23 V.S.A. § 4(13). The majority evidently prefers a broader prohibition, but it cannot explain why the Legislature would use the word "highway" when it intended the statute to apply without geographical limitation. Instead, it resolves the difficulty by defining "highway" so broadly that it becomes meaningless, ignoring as well the rule that statutes should not be interpreted to render a provision superfluous or unnecessary. See *Ratzlaf v. United States*, 510 U.S. 135, 140-41 (1994) (judges should hesitate to treat statutory provisions as surplusage, especially when words describe element of criminal offense).

Also disregarded by the majority is the principle that an individual statutory provision should be read by reference to the whole act. See *John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 94-95 (1993). The majority makes the surprising claim that, "[o]utside the DUI context, the term 'highway' remains unmodified by case law." 165 Vt. at 607, 686 A.2d at 106. I am mystified by this claim, as the statutory definition of "highway" applies throughout the motor vehicle code. See 23 V.S.A. § 4. The majority appears to be following a new rule of statutory construction: definitions that are said to apply throughout a title or chapter may in fact change meaning from one provision to another. Peculiar as this

rule is, the majority needs it, because defining "highway" to include private residential driveways makes no sense in the context of the entire motor vehicle title. Even a casual reader of those statutes must quickly realize that the Legislature knew the difference between a highway and a driveway, and did not intend references to the former to include the latter. See, e.g., *id.* § 1031(c) ("[T]his subsection shall not be construed as prohibiting the crossing of the center line in making a left turn into or from an intersecting *highway*, an alley, private road *or driveway* when authorized.") (emphasis added); *id.* § 1049 ("The driver of a vehicle about to enter or cross a highway from an alley, building, private road or *driveway* shall yield the right of way to all vehicles approaching on the *highway*.") (emphasis added). Indeed, the majority's interpretation of "highway" yields numerous absurd results — an outcome we normally strive to avoid. See *State v. Quinn*, 165 Vt. 136, 140, 675 A.2d 1336, 1338 (1996) ("if possible, we must avoid construing statutory language in a way that produces an irrational result"; "we do not [construe penal statutes] to . . . reach an absurd result").

Looking at this provision in context, and considering the likely intent of the Legislature, I conclude that the definition of "highway" cannot be reasonably interpreted to include a private residential driveway of the type involved in this case. But even if the majority could support the broader construction that it favors, I would still vote to reverse. "Penal statutes . . . are to be strictly construed in a manner favorable to the accused."[2] *State v. Oliver*, 151 Vt. 626, 629, 563 A.2d 1002,

---

[2] Although defendant suffered only the civil penalty of license suspension, 23 V.S.A. § 1201 is a penal statute. If defendant's conduct violated the statute, he is open to criminal prosecution, and may be fined and/or imprisoned if convicted. See 23 V.S.A. § 1210.

1004 (1989); see also *Quinn*, 165 Vt. at 141, 675 A.2d at 1338 (Allen, C.J., dissenting) (where, after examination of language, structure, legislative history and motivating policies, reasonable doubt exists regarding intended meaning of penal statute, rule of lenity should be applied). At best, this statute is ambiguous; neither defendant nor any other Vermont driver was on notice before this decision that private, residential driveways are in fact highways for purposes of motor vehicle offenses. The rule of lenity should apply in this case, to protect defendant from "'the creation of criminal offenses outside the contemplation of the legislature under the guise of "judicial construction."'" *Oliver*, 151 Vt. at 629, 563 A.2d at 1004 (quoting *People v. Vercelletto*, 514 N.Y.S.2d 177, 178 (Ulster County Ct. 1987)).

I would reverse the district court's decision and reinstate defendant's license. I am authorized to state that Justice Gibson joins me in this dissent.