**STATE of Vermont v. Joseph B. BENOIT**

[795 A.2d 1188]

No. 01-130

■■■■■■■■■■■■■■■

February 20, 2002. Defendant Joseph B. Benoit appeals the Chittenden District Court's decision denying his motion to suppress evidence arising out of a civil citation for minor in the possession of alcohol and a later arrest for DUI. Defendant argues that the district court erred because: (1) the court failed to find that defendant was in custody when he was given a breathalyzer test prior to the civil citation; (2) the State did not meet its burden of proving that the defendant's submission to the breathalyzer was a knowing, voluntary and intelligent waiver of his Miranda rights; and (3) without the illegally obtained evidence the officer had no reasonable basis for his subsequent suspicion that defendant was driving under the influence of alcohol. We affirm.

On August 22, 2000, at approximately midnight, two officers from the Colchester Police Department responded to a noise complaint at a home on East

Lakeshore Drive in Colchester. Looking through the windows, the officers saw alcohol containers and several people they suspected to be under age. The officers knocked and were given consent to enter the home. Once inside, the officers asked the twenty to twenty-five people in the home to separate into groups, based on whether they were over or under twenty one, and checked the identification of those claiming to be over the legal drinking age. The officers remained at the scene for twenty to twenty-five minutes, administering breath tests and issuing civil citations to those minors in possession of alcohol. Defendant was present at the scene and was issued a citation for minor in possession of alcohol. One of the officers present called defendant's parents and asked them to come pick him up, so as to avoid the defendant driving home.

At approximately 2:30 a.m., later that same morning, one of the officers present at the East Lakeshore Drive home at midnight drove by again, and saw a car turning into the driveway. The officer observed defendant slump down in the front seat of the car, and eventually get out of the car and enter the house. The officer ran a check on the license plate, which revealed the car belonged to defendant's parents. The officer had been present earlier in the evening, had seen defendant, was aware that he had been issued a civil citation and that defendant's parents had been called to pick him up, and therefore was suspicious that defendant had been driving under the influence of alcohol.

The officer approached the house and asked for defendant. Defendant came to the door, and the officer asked defendant if he had been driving the car. Defendant denied that he had, which the officer knew to be untrue. The officer observed defendant's bloodshot and watery eyes and odor of intoxicants. The officer requested that defendant perform dexterity tests, and defendant refused.

The officer arrested defendant for driving under the influence and took him to the station for processing, including the administering of a blood alcohol test. Defendant was charged with criminal DUI as well as a civil violation.

Defendant filed a motion to suppress all evidence from the earlier incident at the home as well as all evidence from the DUI arrest, and to dismiss both the criminal and civil suspension charges. The Chittenden District Court denied defendant's motion, and on February 27, 2001, defendant entered into a plea agreement, conditioned on this appeal. Defendant argues that he was under custodial interrogation at the time of the initial citation and therefore that the State has the burden of establishing that he was given his Miranda rights, and that his submission to the initial breath test was a knowing, voluntary waiver of his rights. He further asserts that the evidence obtained from the violation of his Miranda rights was the sole basis for the officer's later DUI stop and that, accordingly, all evidence from that stop must be excluded as "fruits of the poisonous tree."

Defendant's appeal centers on his contention that he was in custody at the time of the initial breath test and citation and, therefore, should have been administered a Miranda warning. In *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), the United States Supreme Court declared that the series of procedural safeguards, now known as Miranda warnings, are necessary to assure that a suspect's constitutional right to remain silent is "scrupulously honored" by law enforcement officers. *State v. Trombley*, 147 Vt. 371, 374, 518 A.2d 20, 23 (1986).

Defendant's claim of error is grounded entirely on the premise that Miranda warnings should have been given to defendant when police officers administered breath tests to minors at the Colchester party. As such, it is inherently flawed. Even if we were to extend the

application of *Miranda* to circumstances where an individual is subject to only civil citation — an extension for which defendant cites no authority — police are not required to refrain from gathering "non-testimonial" evidence from an individual in custody. We have previously held that an evidentiary breath test is "non-testimonial" in nature and thus may be administered even after a defendant has invoked Miranda rights. *State v. Blouin*, 168 Vt. 119, 124, 716 A.2d 826, 829 (1998).

Given that police were not required to read defendant Miranda warnings before administering a breath test, the knowledge that defendant had been cited as a minor in the possession of alcohol as a consequence of the breath test results is not "fruit of the poisonous tree." That information, combined with the officer's observation of the defendant driving into the driveway and slumping down in an apparent attempt to hide, provided the officer with reasonable suspicion to believe that a motor vehicle violation had been committed. See *State v. Paquette*, 151 Vt. 631, 634, 563 A.2d 632, 635 (1989) (valid stop must be based on reasonable articulable facts and rational inferences to warrant intrusion). Acting on that suspicion, the officer then went to the door of the residence to question the driver. An officer may knock on the door of a residence and speak to the driver of a vehicle he saw approach the residence where he has otherwise valid, reasonable suspicion for the investigation. *State v. Elkins*, 155 Vt. 9, 14, 580 A.2d 1200, 1202-03 (1990). Defendant's denial that he was driving the car, after the officer had just observed him doing so, bloodshot, watery eyes, odor of intoxicants, and refusal to do dexterity tests provided ample probable cause to believe that defendant had been driving while under the influence of alcohol.

*Affirmed.*